THOMPSON, Trustee, v. BOYDSTUN et al.

No. 30093.    Oct. 21, 1941.

*118 P. 2d 236.*

Thomas B. Pryor and W. L. Curtis, both of Fort Smith, Ark., for plaintiff in error.

Pierce & Pierce, Forrester Brewster, and Q. B. Boydstun, all of Muskogee, for defendants in error.

RILEY, J.    This action was commenced by defendants in error, as plaintiffs below, against the plaintiff in error, herein referred to as defendant, to recover damages for the destruction and injury to plaintiff's orchard, containing approximately 17 acres of peach, cherry, and plum trees, and blackberry vines, located on plaintiff's farm one-half mile south of Fort Gibson, Muskogee county, Okla., resulting from a fire set by a locomotive of defendant's train. The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $1,350. The court overruled defendant's motion for a new trial and entered judgment upon the verdict, to which defendant excepted, and brings this proceeding in error to reduce amount of said judgment.

The principal contention is that the damages awarded are excessive. Considering all the evidence as to the value of the land, before and after the fire, together with value and the cost of the 403 trees that were totally destroyed, the 41 trees that were injured, and the one-fourth acre of tame blackberry

vines destroyed, the verdict reached by the jury was well supported by the evidence, and does not appear to have been the result of passion and prejudice.

Another assignment of error goes to the correctness of instruction No. 3 as to the proper measure of damages. The court instructed that the measure of damages was the difference between the value of the land, upon which the orchard grew, just prior to the date of the fire, and the value of the land after the injury and destruction of the orchard. This was a correct instruction. Defendant did not submit its theory to the court in the form of a requested instruction, but claims the instruction should have been the value of the trees before and after the fire. Mogollon Gold & Copper Co. v. Stout, 14 N. M. 245, 91 P. 724, was an action for damages to growing fruit trees and grapevines. Under the rule therein stated, it is competent to prove the damages by showing the value of the trees and vines destroyed, *or* by showing the value of the real estate with the trees and vines growing and its depreciation by reason of their loss, or in both ways. Also, in Barker v. Missouri Pac. Ry. Co., 94 Kan. 61, 145 P. 829, the trial court, in a case very similar to the one at bar, instructed the jury on the theory of the value of the trees before and after the fire. It was there held there was no material error in the failure of the court to instruct on the rule as to the difference in value of the land before and after the fire. That court applied the harmless error doctrine in holding that either rule was substantially correct to determine the amount of damage sustained. In Pace et al. v. Ott et al., 189 Okla. 230, 115 P. 2d 253, it is held that it is essential to prove the value of the premises prior to the injury and thereafter.

Defendant contends error was committed by the refusal to allow its expert witnesses to estimate the losses sustained and to testify to the probable value of the trees injured and destroyed; the condition of the trees at the time of the fire, or the cost of producing fruit trees under apparent similar conditions. Such an issue is primarily for the trial court's determination under the exercise of sound discretion. The ruling of that court will not be disturbed unless its discretion is clearly abused. The record discloses that the defendant's witnesses were not properly qualified to answer such questions, in that they were not familiar with plaintiff's orchard nor had they seen it just prior to the fire nor for several months following said fire. One witness of defendant had not been in the orchard at all before the fire. He was not familiar with orchards around Fort Gibson, and did not see the orchard involved until 14 months after the fire. Therefore, the court did not err in excluding the testimony of these witnesses.

Defendant claims error in the court's excluding proposed testimony offered to prove the market value of the land. Only two offers were made by defendant to prove the market value of the land. They were the price at which plaintiff had contracted to buy the land, and the amount previously realized by foreclosure of a mortgage on the land. Defendant contends the court erred in not allowing it to introduce in evidence the contents of the petition of intervention and an agreement for sale of real estate, attached thereto, filed by the Federal Land Bank of Wichita, Kan., in order to show the value of the land. In 22 Corpus Juris 180, § 126, the rule is stated that the price paid for land furnishes no evidence of value, even when the bona fides of the transaction is shown. In connection with other evidence, however, it may have a logical bearing. The amount realized on a foreclosure sale is no criterion in fixing the fair market value of real estate involved. No error was committed in excluding this testimony.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.