A & A CAB OPERATING CO. v. MOONEYHAM.

No. 31132. Nov. 9, 1943.

*142 P. 2d 974.*

Herbert K. Hyde, of Oklahoma City, for plaintiff in error.

Herbert Hodge, of Norman, ánd G. G. McBride, of Oklahoma City, for defendant in error.

OSBORN, J. W. T. Mooneyham, as plaintiff below, brought this action against the defendant, A. & A. Cab Operating Company, to recover damages for personal injuries. A trial to the jury resulted in a verdict for $1,500. Judgment was entered thereon, and defendant appeals. The parties appear herein in the reverse order to which they appeared in the trial court and for convenience they will be referred to by their trial court designation.

Plaintiff, with his wife, was crossing the street near the intersection of Main and Robinson streets in Oklahoma City in order to reach his automobile when he was struck by defendant's cab and sustained the injury for which the action is brought. He was not crossing at the intersection, but approximately 45 feet west of the intersection from the south side of the street. He explained that he was forced to cross at a place other than the intersection because defendant's cab and a car directly behind it blocked the intersection. He was injured when defendant's cab backed over him.

Defendant presents two specifications of error. The first relates to the reception of inadmissible testimony. Plaintiff's wife, testifying to certain things she did as the agent for her husband, in response to a direct question, testified that a certain person was not at the scene of the accident. Defendant earlier had conceded that the´wife was competent to testify as such agent, and the record does not disclose that any objection was interposed to the particular question, but as soon as the answer was given, defendant deemed it incompetent and moved to have it stricken and the jury directed to disregard the same. The trial judge sustained this motion, and in the clearest and most explicit manner directed the jury to disregard the particular answer. Defendant now argues that the action of the court did not have the effect of removing the prejudice

that had been done by the reception of such answer.

Error in the admission of evidence is not ground for reversal of a judgment unless, after examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. 22 O. S. A. § 1068. And it is the general rule that error in admitting improper evidence is cured by the court withdrawing the same and instructing the jury not to consider it. Lindley v. Kelly, 47 Okla. 328, 147 P. 1015; Anglo-Texas Oil Co. v. Manatt, 125 Okla. 92, 256 P. 740. We are of the opinion that the evidence admitted herein, but withdrawn by the trial court, was not of such character as to warrant the application of the exception to the general rule.

It is next urged that the court erred in giving instruction No. 17. This instruction, in effect, advises the jury that it was negligence for the driver of the defendant's cab to block the intersection and to back its vehicle more than 30 feet. However, the complaint offered by the defendant is that in this instruction the court did not advise the jury that plaintiff could not recover if he was guilty of contributory negligence. We are of the opinion, and hold, that the failure to caution the jury that the plaintiff could not recover if he was guilty of contributory negligence was not reversible error. The court had formerly instructed the jury that if the plaintiff was guilty of contributory negligence its verdict should be for the defendant. While an instruction standing alone may be subject to criticism, if the instructions in their entirety fairly submit the issues to the jury, the giving of such instruction is not reversible error where the jury is not shown to have been misled thereby. Cimarron Utilities Co. v. Safranko, 187 Okla. 86, 101 P. 2d 258; Labenne v. Kaufman, 184 Okla. 565, 89 P. 2d 281.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.