Mr. and Mrs. C. P. MONTGOMERY,
Plaintiffs in Error,

v.

Mr. and Mrs. Kenneth MOORE,
Defendants in Error.

No. 36853.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Rehearing Denied Jan. 31, 1956.

Hoel & Horton, Stillwater, for plaintiffs in error.

A. V. Dinwiddie, Guthrie, for defendants in error.

## PER CURIAM.

The minor here involved, Michael Allen Miller Moore, is the son of Patty Moore, and her husband Kenneth Moore is the father by adoption. C. P. Montgomery is the child's maternal grandfather. During the child's infancy and for about three and a half years he was reared by the maternal grandparents while his mother was at work for salary or wages.

On or about December 11, 1952, the child's parents took him from his grandfather's home and some two days later the grandfather signed a petition addressed to the county court seeking to have the child declared a dependent and neglected child.

This petition was filed December 17, 1952, an thereupon the court issued a notice to the child's parents and upon their appearance on the same day the court entered an order. Therein the court purported to make a finding and judgment, (1) that the child should be a ward of the court for a period of thirty days and remain in the custody of his mother for that period of time; (2) That said minor be declared to be a dependent and neglected child, and (3) that the custody of the child be given to his parents, Kenneth Moore and Patty Moore, for thirty days.

Thereafter, without any further proceeding in court, the parents removed with the child to California.

Thereafter on May 21, 1953, the court made an order reciting the appearance of the maternal grandfather by his attorney, and in that order recited that the matter had been continued from time to time since January 17, 1953, and the court stated a finding that the child's parents, Kenneth Moore and Patty Moore, had removed the child from the court's jurisdiction without the court's consent, and the present whereabouts of said child and his parents was unknown. The court further stated a finding that by reason of these acts the parents were adjudged in contempt of court, and the child "adjudged to be a dependent and neglected child by reason of the actions of said Patty Moore in surreptiously removing said child out of the State of Oklahoma." And in that order a bench warrant was ordered to be issued for the child's parents.

The Moore family returned to Logan County in October, 1953, and on October 12th the child's mother was arrested and when she and the father appeared on the

same day the court entered an order releasing the parents on their own recognizance pending final disposition of the cause, and then placed the child in custody of the petitioner, his maternal grandfather "until the further order of the court herein."

On October 28, 1953, the court entered an order stating that it was dealing with the temporary custody of the child, and that such custody should alternate each two weeks between his parents and his maternal grandparents "pending the final determination of this cause, or until the further order of the court." That order required the parents and the grandparents to make performance bonds each in the sum of $500, which bonds were made and approved.

Thereafter on November 25, 1953, both maternal grandparents filed a pleading in said cause styled a "Petition" accusing the child's parents of surreptiously and secretively transporting the child to California, then making charges of misconduct of the parents in the care of their child in California, and seeking to have the county court grant to them the exclusive custody of this minor child. Thereafter on December 1, 1953, the child's parents filed detailed response.

Thereafter on December 2, 1953, the court entered an order reciting that the cause came on for further hearing and stated a finding that the minor child should be placed in the custody of his maternal grandparents "until the further order of the court" and it was so ordered, and in the same order the court granted the pending request of the child's parents for a jury trial.

Finally on November 23, 1954, the cause came on for jury trial resulting on December 3, 1954, in a verdict finding the minor child "not to be a dependent and neglected child," and giving his custody to his mother, Mrs. Patty Moore, and final judgment was rendered adjudging and decreeing that Michael was not a dependent and neglected child, and that he should be released from the custody of his maternal grandparents and returned to the custody of his mother. This judgment included a specific finding that said action is for the best interest of the child.

From that judgment the maternal grandparents appeal.

■ For reversal it is contended that the first order above referred to, entered on December 17, 1952, was a final judgment decreeing this minor to be a dependent and neglected child, and had the effect of a final judgment which was not appealed from, and therefore the question whether this child was a neglected or dependent child was res adjudicata and therefore the court erred in submitting this question to the jury.

On that point we conclude that our detailed recitation as to what occurred in the trial court demonstrates beyond question that both the order of December 17, 1952, and the order of May 21, 1953, were merely interlocutory orders, and while each such order purported to state that this minor was a dependent and neglected child, yet neither was in any sense a final order, or intended to be such, therefore we find no merit in this contention.

■■ It is next contended that because the trial court, in the course of the jury trial, recessed the trial for a period of nine days that the court lost jurisdiction to thereafter resume the trial and proceed to the conclusion thereof. Such a long postponement in the course of a trial is not to be favored. But it must depend on the circumstances of each case whether such a postponement has any importance on appeal, or what, if any, prejudice resulted from such postponement, or whether the court abused its discretion in permitting or ordering such a postponement. In this case the trial court did on November 24th recess the trial until December 3rd, and on December 3rd resumed the jury trial and proceeded to conclusion thereof. However, the record indicates that on November 24th the matter of this recess or postponement was discussed in open court and was there in effect agreed to by counsel for both sides, and by the jury or one or two members of the jury. At least it is indicated that all interested parties acquiesced in and certainly did not object to the recess or post-

ponement at that time. Nor was any objection made when the trial was resumed on December 3rd. There is nothing whatever to indicate that either party here could have been prejudiced in any manner by this recess or postponement. There is nothing here to indicate any abuse of discretion on the part of the trial court. According to the record and all indications therein, the trial, although interrupted by the nine days recess, thereafter proceeded to a fair and impartial trial of the issues, with no prejudice to either side. The law does not approve such long recesses and they should be avoided in the trial of cases, but under the circumstances here and for the reason stated, we cannot say that the trial court lost jurisdiction by reason of this recess or postponement, and this contention for reversal is denied.

The grandparents, appellants, next contend that the verdict of the jury and the judgment of the court are contrary to the evidence. We dispose of that contention by pointing out that a number of witnesses testified in favor of the grandparents, while a number of witnesses testified in favor of the parents. We deem it wholly unnecessary to detail the evidence. There was ample evidence to sustain the verdict of the jury and the judgment rendered by the court.

The evidence is not sufficient to show that this minor was a dependent and neglected child under the statutes. 10 O.S.1951 § 101. The evidence is amply sufficient to sustain the finding by court and jury, and the judgment, that this minor was not and is not a dependent and neglected child under the statute.

The judgment appealed from is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD and approved by Commissioners JAMES H. NEASE and JEAN R. REED, the cause was assigned to a Justice of the Supreme Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.