Loren S. CHASE and Ruth A. Chase,
Plaintiffs in Error,

v.

Henry E. WATSON and Ruth Snowball
Watson, Defendants in Error
(two cases).

Nos. 36548, 36549.

Supreme Court of Oklahoma.

March 6, 1956.

D. F. Rainey and John Barksdale, Okmulgee, B. E. (Bill) Harkey, Oklahoma City, for plaintiffs in error.

Q. D. Gibbs, Okmulgee, T. L. Gibson, Muskogee, for defendants in error.

PER CURIAM.

The Watsons sold and the Chases bought the Adams Hotel in Okmulgee, including the real estate, furniture, fixtures and equipment for $100,000. The Chases paid $35,000 in cash, gave an insurance company a note and mortgage for $40,000 to take up an obligation of the Watsons, and gave the Watsons a note and second mortgage for the balance of $25,000.

After the Chases had been in possession for several months and made several payments on the $25,000 note, they brought suit against the Watsons (No. 26,521)' to cancel that note and mortgage. The following week the Watsons sued the Chases in the same court (No. 26,525) to recover the balance due on the note and mortgage.

By order of court the two cases were consolidated for trial and were tried together. The Chases contended the hotel was worth no more than $75,000; that the Watsons were guilty of misrepresentations and fraud, that the $25,000 note and mortgage were obtained by fraud and without consideration, and should therefore be cancelled. The Watsons contended the sale was in all respects fairly made and without fraud or misrepresentation. Thus the issue, as to each of the two consolidated cases, was whether this note with mortgage was a valid obligation of the makers, or was void because of alleged fraud of the payees, the Watsons.

Upon jury trial the Chases presented voluminous testimony and documentary evidence tending to show that they were induced by false and fraudulent representations of the defendants Watson to execute and deliver to the Watsons the certain $25,000 note and mortgage. The defendants Watson presented voluminous testimony and documentary evidence tending to show there were no false or fraudulent representations made by them in connection with their transaction with the plaintiffs, and that said note and mortgage was delivered to them pursuant to contract and for valuable consideration. Without dispute, it was shown that plaintiffs had made payment of

three monthly installments on the note and had thereafter refused further payments due under its terms.

The jury was instructed concerning the substance of the plaintiffs' pleadings as to false and fraudulent representations of the defendants and the defendants' pleadings in denial thereof, and the jury was advised that such was the issue to be determined from the evidence as between the plaintiffs and the defendants. The jury was advised they were not to consider the matter of the foreclosure of the mortgage given as security for the note in question, that such was a matter to be considered only by the court.

The jury returned a verdict finding generally for the defendants Watson, and judgment was entered in accord therewith for the defendants Watson, and that plaintiffs Chase take nothing by their suit to cancel the $25,000 note and mortgage. Thereafter, and under the evidence adduced at the aforesaid trial, the court entered a judgment for the defendants Watson, plaintiffs in the second suit, for an amount found due on the $25,000 note and for the foreclosure of the accompanying mortgage.

The plaintiffs Chase, plaintiffs in the first suit, and defendants in the second suit, appeal from both said judgments. The Chases will now be referred to as the plaintiffs, and the Watsons will be referred to as the defendants.

The plaintiffs first assert there was error requiring reversal of the judgment in that the trial court permitted the defendants to present in evidence the depositions of certain persons, when there was not shown any legal cause why the attendance of the deponents could not be procured.

After plaintiffs' objections to the introduction of the depositions had been overruled, and after the depositions were read in evidence, the trial court advised the jury that he was in error in admitting the depositions and that he had made a mistake. He then instructed the jury not to consider in evidence any of the matters that were read in the depositions.

During the reading of the depositions the plaintiffs' counsel interposed a further objection to the reading, on the stated ground that the matters to which the depositions relate neither tend to prove or disprove any of the issues in the case.

By deposition each of the deponents identified himself as an officer of a respective bank. Each stated that at certain times there were sums of money placed on deposit in the respective banks to the credit of the defendants. Each stated the total sum of such deposits made during the year preceding the date of the transaction between the plaintiffs and defendants in the purchase of the hotel property.

The record of the trial proceedings reflects that another witness testified to a like total sum deposited in said banks in that period of time and to the credit of the defendants. No objection was made to this testimony, and no attempt was made to refute said testimony. The plaintiffs introduced evidence tending to show that defendants in said period of time received income from illicit business operations, but no question was raised as to the amount of bank deposits made in the name of the defendants. In the depositions read there was no reference to the sources of the deposits received by the banks.

There being no issue presented as to the matters to which the depositions relate, it becomes apparent that had the depositions remained in evidence no prejudice could have resulted. In the circumstances of the immateriality of the testimony presented in the depositions and that the depositions were subsequently withdrawn, and the jury was instructed not to consider in evidence any of the matters that were read from the depositions, the error in permitting the depositions to be read was harmless. The judgment will not be set aside or new trial granted by reason of a harmless error in the trial proceeding. 22 O.S.1951 § 1068; A. & A. Cab Operating Co. v. Mooneyham, 193 Okl. 238, 142 P.2d 974.

The plaintiffs next argue there was reversible error in a failure of the court to instruct on the law of circumstantial evidence.

The plaintiffs cite three certain numbered requested instructions containing references

to circumstantial evidence which were rejected by the court. It is asserted there was circumstantial evidence introduced to establish the ultimate facts of fraud and misrepresentation of defendants that in a total failure to instruct on the value and use of circumstantial evidence the plaintiffs were denied a fair trial.

The said requested instructions contain references to circumstantial evidence in the following terms:

"(9) Circumstantial evidence of fraud is admissible in evidence as same relates to the whole transaction between the parties; (10) fraud may be proved by direct or circumstantial evidence, or both; (11) circumstances tending to prove fraud may be admitted in evidence to show the entire transaction between the parties."

The instructions given by the court were not excepted to and are not here under attack except for the asserted insufficiency. The instructions given will be here considered as containing a correct statement of the issues presented in the case. The jury was instructed concerning the burden of proof and the state of facts essential to a recovery, and of its duty of finding the ultimate facts in the case from the evidence. The jury was instructed to reach its conclusions from all the facts and circumstances appearing in evidence.

■ Obviously, the instructions given include a consideration of circumstantial evidence and without distinction as between circumstantial and direct evidence. We are of the opinion that the instructions given include, in substance, the above mentioned requested instructions. In the circumstances that the plaintiffs' case did not rest entirely on circumstantial evidence, and although there was some in it, we hold it was unnecessary for the court to give special instructions on circumstantial evidence. The plaintiffs' assignment of error because of an insufficiency of the instructions is denied.

The plaintiffs next assert:

"The judgment should be set aside on the broad ground that unprecedented irregularities in trial procedure *has* a

tendency to corrupt and cast suspicion on the administration of justice."

On this point, attention is directed to circumstances that a recess of the trial proceedings from a Friday until the second Monday thereafter, was ordered by the court and after the trial had proceeded for a period of five days and the plaintiffs had presented evidence and the defendants had not yet testified in the case, and that during the recess several of the jurors in this case were selected as jurors in other cases and participated in the return of verdicts in those other cases.

It is argued the length of recess and the circumstances of jurors in the case serving in other cases required a presumption of prejudice to the plaintiffs' rights.

■ It is not questioned that within the power of the court to regulate the conduct of a trial it was largely within the discretion of the court to determine the necessity of recess and to order a recess or postponement of further consideration of the case for a reasonable time.

The trial court announced as the reason for a recess in the trial that there was a congested docket situation in that another case had been especially set and in which there were out of state witnesses, and there were two jail cases requiring trials, and that he had applied for assignment of another judge to the district, but had not been assured that another judge would be present for the trial of the other cases; that the instant trial was consuming more time than could be anticipated at the time the case and the others were docketed for trial.

At the close of a Friday afternoon session of the trial proceedings the court, upon an announcement as stated above, declared a recess of the trial proceedings herein until a week from the following Monday, and that the jury would be permitted to separate in said time. The court admonished the jurors in such time of recess not to discuss the case with each other or with others, nor permit such discussion in their presence, and not to attempt an inspection of the premises involved in the case.

The record discloses no violation of said admonition of the court, nor any unusual

activity of any of the jurors during the recess other than that some of the jurors were selected and served as jurors in the trial of other cases during the recess of the instant trial proceeding. It does not appear from the record that these interim cases involved questions of any similarity to those here in issue. In so far as the record discloses, the short service upon the second juries by the jurors in the instant case was of no more effect upon their states of mind concerning the instant case than had they given attention to their usual personal business or personal pursuits in the time of the recess of this trial.

■■■■■ An abuse of discretion in ordering a recess in trial proceedings, or a resulting prejudice therefrom to the parties litigant, will not be assumed or presumed. The interruption of a trial by a recess of this duration is not to be commended. It should be avoided generally, but when it is a necessity in the discretion of the trial judge, it need not in all cases constitute reversible error. Herein, in the mere fact that a recess was of the duration of a workday week, we find there was no abuse of discretion. See Montgomery v. Moore, Okl., 292 P.2d 1040. In the absence of any showing of any misconduct of any of the jurors in such time we find no resulting prejudice because of such recess. We find no resulting prejudice to litigants in the instant case in the mere fact that jurors during the recess of the trial proceedings of the instant case served as jurors in other cases under circumstances that it does not appear that such other cases involved any party or question in common with the instant case. The plaintiff's assignment of error relating to the recess of the trial proceedings and the use of the jurors in other cases is denied.

The plaintiffs next contend the trial court erred in excluding certain evidence offered as proof of the value of the property involved which was purchased by the plaintiffs from the defendants in 1952.

■■■■■ The proffered evidence was record evidence to show that the property was sold at foreclosure sale in 1937 for a certain sum; that it sold at tax sale in 1939, and thereafter it was sold at public auction in 1939 for a certain sum and that there were certain transfers of the property in 1940, 1944 and 1946, each for a consideration of a certain sum as reflected on the face of the instruments of transfer.

In 31 C.J.S., Evidence, § 182(b) it is stated:

"A sale of real property made under ordinary circumstances is evidence of its value at the time of the sale, and may be shown to prove value at a different time provided the time interval is short and conditions remain substantially the same; but where the sale was made at a time remote from the time as of which the property is to be valued or where conditions have materially changed between the time of the sale and the time in issue, evidence of the sale price is not admissible to prove the value of the property at the time in issue.

\* \* \* \* \* \*

"It is broadly stated that the price realized on a forced sale of realty, such as a tax, foreclosure, or execution sale, is not admissible as evidence of value, \* \* \*."

In Thompson v. Boydstun, 189 Okl. 530, 118 P.2d 236, 237, it was held:

"The price paid for land and the amount realized on a foreclosure sale furnish no evidence of the fair market value of a parcel of land, and it is not error for the trial court to exclude such evidence."

The evidence of the sales of the property involved as evidence of its value at the time of such sales in 1937 to 1946, was proffered herein as proof of the value of the property in 1952, and it appears that some of the said sales were forced sales. Under circumstances of forced sales of the property and under the circumstances of the remoteness of all the sales from the time as of which the property was to be valued in 1952, and in application of the above stated rules, we hold it was not error for the trial court to exclude the proffered evidence.

The plaintiffs next complain of the admission of evidence offered by the defend-

ants and relating to expenditures of the defendants during their ownership of the hotel property. It is argued the evidence by the defendant was not admissible to prove the value of the hotel property.

The record discloses the plaintiffs tendered an issue of false representations in a statement of the defendants that they had paid $85,000 for the hotel property. The defendants denied making such representation, but were permitted to testify as to an amount they had paid in purchase of the property, and as to amounts they subsequently spent in making improvements of the property. Although the testimony be questionable as proof of value of the property, the plaintiffs had no cause to complain of its admission as relates to the plaintiffs' claim of false representations of an amount paid for the property.

The plaintiffs next assert:

"The rights of plaintiffs were prejudiced by the refusal of the trial court to receive evidence offered by plaintiffs relative to occurrences taking place after plaintiffs took possession of the property, as a circumstance indicating the type and manner of operations that had been carried on by the defendants."

The plaintiffs had charged false representations by the defendants as to their income received from a legitimate operation of the hotel property. Plaintiffs here complain of the exclusion of their testimony to the effect that after they had taken charge of the property they were told by employees that said employees had made lucrative incomes from illicit practices during the defendants' ownership of the property. The plaintiffs offered testimony that they were told by other persons that such persons as former customers of the hotel had purchased intoxicating liquors and engaged in immoral practices at the hotel.

We hold the testimony of the plaintiffs as to what third persons told them, and as evidence of the existence of the facts asserted, was properly excluded under the general rule against admission of hearsay evidence.

The plaintiffs next contend there was comment by the court to the jury which was improper, erroneous, and so prejudicial to the plaintiffs' rights as to constitute reversible error.

The record discloses that a witness called by the plaintiffs was questioned as to his experience in the real estate business, and as to what the witness considered to be the reasonable market value of the property here involved as of the date January 1, 1952. During the course of examination and cross-examination there was considerable discussion by counsel and the witness pertaining to factors considered in determining the market value of property. At the close of the examination of the witness the court addressed the jury as follows:

"Ladies and Gentlemen: This is a little bit unusual. But since we are getting into this question of fair market value, I am going to instruct you that fair market value is that amount that property brings with the buyer willing to sell, but not forced to sell. I mean, a seller willing to sell, but not forced to sell, and a buyer willing to buy, but not forced to buy. Now, that's how you arrive at a fair market value of a piece of property. (and aside to counsel for the parties) If either one of you has anything to add to that I will be happy to * * *."

It is argued the court's comment was in effect an expression of opinion on the weight and value of testimony and a violation of a statutory right of the plaintiff to have the jurors instructed as to the issues in the case only after the close of the evidence in the case.

We find no expression of opinion on the weight and value of testimony in the court's challenged comment. Under the circumstances noted above we do not perceive that any prejudice to any of the parties could have resulted from the statement of law made by the court during the trial.

The plaintiffs next argue there was no competent evidence to sustain the verdict of the jury.

Admittedly, the note and mortgage for $25,000 was executed and delivered by the plaintiffs to the defendants as representing

the balance due on the purchase price of $100,000 for the hotel property.

The plaintiffs in suit to cancel the instruments, and in the second suit denying any liability under the instruments, assumed a burden of proof that in misrepresentation and concealment of facts pertaining to the value of the property they were overreached by the defendants, and that said note and mortgage were executed and delivered without a consideration therefor.

We have noted above that voluminous testimony and documentary evidence was presented by the parties. The record reveals sharp conflict in the testimony as pertains to all the material issues such as the value of the property and the question of false and fraudulent representations in the transaction between the parties. We deem it unnecessary to here set forth details of the testimony and evidence from the record. We have examined the entire record and find there is sufficient material and competent testimony in the record to support the verdict and judgment.

After verdict for the defendants, the court entered judgment in the first case for the defendants, and that the plaintiffs take nothing by their suit. At a later date the court entered a judgment in the second case, and for the defendants, as plaintiffs in the second case, and against the plaintiffs, as the defendants in the second case, for the amount found due on the note and for foreclosure of the said second mortgage.

In the time after entry of judgment in the first case and before judgment was entered in the second case, the plaintiffs, proceeding under the number and style of the second case, and as the defendants in the second case, filed a pleading in the nature of a motion to dismiss the said second case upon grounds of a pending action involving the same subject-matter, namely, the first case. After the motion was overruled, the plaintiffs made request for a trial, and a jury trial, of the issues presented by the pleadings in the second case.

The plaintiffs here separately present assignments of error as to the judgment entered by the court in the second case, with argument directed against the court's action on the motion to dismiss and the court's action on the request for trial and jury trial of the second case.

It is argued the motion to dismiss is of the nature of a special demurrer as authorized in statute, 12 O.S.1951 § 267, and which requires the dismissal of an action where it appears "that there is another action pending between the same parties for the same cause." It is argued that on the basis of general objections to trial made throughout the trial proceeding the court should have dismissed the petition in the second case and not allowed all issues in each case to be presented as in one action unless placed in issue in one case as by petition and answer and cross-petition and answer.

Consolidation of actions is authorized in statute, 12 O.S.1951 §§ 79 and 80, and herein, where there was an authorized and proper consolidation of the two actions, and a trial of the actions as consolidated there no longer existed a right of demurrer to the petition in one of the cases, and especially on the ground of pendency of the other action. Obviously, upon a trial of the issues of the consolidated actions there existed no right of another trial of the same issues as presented by the pleadings in one of the cases.

The judgments entered in the two actions, after trial upon consolidation of the actions, are affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.