In the Matter of the Mental Health of
Robert Ladlow ADAMS.

No. 44279.

Supreme Court of Oklahoma.

May 30, 1972.

As Corrected June 16, 1972.

Wendell E. Wightman, Oklahoma City, for appellant.

DAVISON, Vice Chief Justice.

The facts leading up to appellant's commitment to the Central State Griffin Memorial Hospital on November 18, 1969, as being mentally ill, are as follows:

Appellant, a resident of Austin, Texas, was traveling by bus from Austin, Texas, for a visit with his parents who lived in Shawnee, Oklahoma; that on the bus to Oklahoma City he became highly confused and apparently exhausted; was talking about Democrats and Republicans and was under the belief that his seat was bugged and that enemies were trying to obtain political information by the use of the "bug;" that he had been employed by a successful candidate for the United States Senate from Texas.

That when he departed from the bus in Oklahoma City on November 17, 1969, an officer was called and appellant was placed in jail. On said date he was served with notice of a hearing to be held the next day to determine his condition as being mentally ill.

The Sanity Commission was advised of the name and address of his parents in Shawnee, Oklahoma, but they were never advised of the hearing.

The evidence conclusively shows that the appellant, before and during the hearing, asked to be represented by a lawyer, but the Commission was indifferent to his request and he did not have the advice of a lawyer.

That after the hearing he was found to be mentally ill, and on said date (November 18, 1969) he was committed to the institution at Norman, Oklahoma, where he stayed for over a month before being released on a convalescent leave and has not been confined in the institution between the date of his release and the date of the hearing on May 6, 1970.

At the May 6, 1970, hearing to vacate the order declaring appellant to be mentally ill, the following essential evidence was introduced by appellant:

That at the time he was arrested he was gainfully employed by the United States Senator, hereinbefore referred to; that he had completed his studies in the law school of the University of Texas; that he had intended to apply to take the March, 1970, Texas Bar examination for admission to practice law in the State of Texas; that he was precluded from taking the examination because of his having been adjudged mentally ill.

That at the hearing of May 6, 1970, appellant gave the following answers to questions pertaining to his request for a lawyer during the November 1969 hearing:

Q. "* * * did you ever make a request for a lawyer?

A. "I did from the very beginning attempt to contact someone.

Q. "Were you denied the right to contact a lawyer?

A. "Yes, everyone was indifferent to my request.

Q. "During any of this questioning did you ever have any lawyer with you or representing your interests?

A. "No not at any time."

The above testimony was undisputed.

The mother of appellant at this hearing testified that neither she nor the father (deceased at the time of this hearing) were notified of the original hearing; that they met all busses from Oklahoma City for several days and then learned of appellant's confinement through a social worker.

The record shows that on the day of the original hearing the Sanity Commission knew that the address of appellant's parents was at 715 North Beard, Shawnee, Oklahoma.

The decisive question involved herein is whether at the original hearing, in which appellant was found to be mentally ill, due process of law was afforded him.

Title 43A O.S.1961, § 55, is the pertinent statute covering the situation here presented. This statute authorizes hearings for the determination of alleged mental ill persons. This statute provides, in part, "* * * or if such alleged mentally ill person * * * shall so demand, a jury of six (6) freeholders having the qualifications required of jurors in courts of record, shall be summoned to determine the question of his mental illness, and whenever a jury is required the court shall proceed to the selection of such jury in the same manner as provided by law for the jurors in the County Court, and such jury shall determine the question of the mental illness of the alleged mentally ill person."

The above statute further provides, "that before any alleged mentally ill person shall be ordered or admitted to any hospital, home or retreat he shall have the right to have the question of his mental illness determined by a jury in the manner hereinbefore provided."

We are of the opinion and hold that since the appellant was denied the right to employ and be represented by a lawyer of his choice, he was denied due process of law at the original hearing; that under the circumstances the finding of the Commission was in violation of Article 2, § 7, of the Oklahoma Constitution which provides that no person shall be deprived of life, liberty or property without due process of law. See also the 14th Amendment to the Constitution of the United States for the same result.

We hold that the trial court was in error in overruling appellant's motion to vacate the original order of November 18, 1969.

The order of November 18, 1969, is hereby vacated, set aside and held for naught.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and BARNES, JJ., concur.

HODGES and McINERNEY, JJ., concur in result.