Jacqueline INGRAM, Appellee,

v.

Halloka INGRAM, Deceased,

and

Theo Ingram, Intervenor, Appellant.

No. 74996.

Court of Appeals of Oklahoma,
Division No. 3.

July 2, 1991.

Robert G. Boren, Oklahoma City, for appellant.

Susie S. Pritchett and Sarah C. Spencer, Oklahoma, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant brings this appeal challenging the trial court's denial of her application for grandparental visitation with her deceased son's minor children. In 1987, Appellee intitiated divorce proceedings against her husband and father of the minor children of the parties, Halloka Ingram. Pursuant to pre-trial proceedings, the trial court initially denied visitation with the minor children by the father; however, upon motion and after hearing, the trial court issued an order allowing visitation with the minor children by Appellant, the paternal grandmother.

During the pendency of the divorce, Halloka Ingram died. Appellant continued regular visitation with the minor children for the ensuing nine months until such time as Appellee refused to allow further visitation. Thereafter, Appellant filed application in the original divorce action seeking to enforce grandparental visitation privileges. After full hearing, the trial court denied Appellant's application on the grounds such visitation was not in the best interests of the minor children. The trial court further ordered Appellee's allegations of child abuse by Appellant reported to and investigated by the Department of Human Services.

Pursuant to this order, DHS conducted its investigation over the next several months, interviewing the minor children, Appellee and Appellant, and completing a home study on Appellant. Appellant also commissioned a private home study in addition to voluntarily undergoing psychological testing and evaluation. Thereafter, Appellant filed an additional application for visitation to which Appellee responded with a motion to dismiss on the grounds Appellant's request for visitation had previously been adjudicated and denied. The trial court granted Appellee's motion to dismiss, finding the application was barred based on the doctrine of res judicata. This appeal results.

The order which gives rise to this appeal notes, in pertinent part, that the trial court had previously conducted a full hearing on Appellant's application for visitation but specifically found it was not in the best interests of the children to allow such visitation due to the relationship between Appellant and Appellee which was "so acrimonious as to be detrimental to the children" and was unlikely to improve in the future. The trial court then noted Appellant had filed the additional application for visitation, alleging in support thereof her desire for the trial court to consider proffered new evidence; e.g., the results of the private home study, psychological tests on Appellant, and investigation conducted by DHS. The trial court, however, found as follows:

> [Appellant's] proposed evidence, even if received by the Court, would not show changed circumstances warranting relief, because the original finding of this Court was based upon the detrimental effect the parties' acrimonious relationship had upon the children. To show a material change in circumstances, [Appellant] must show the relationship between the parties had changed significantly and can no longer have a detrimental effect upon the children. Evidence pertaining to allegations of child abuse would not show a change in the parties' relationship warranting the vacation or modification of this Court's prior order.

The trial court then held that because Appellant's latest application for visitation involved the same action and parties, and made the same demands, it was "barred by the principle of res judicata"; that Appel-

lant had received full and fair opportunity to litigate the issues concerning visitation vis-a-vis the best interests of the minor children, and, accordingly, would not be permitted to try the issue a second time.

Appellant maintains the trial court abused its discretion in granting Appellee's motion to dismiss without considering the new evidence or testimony proffered by Appellant, citing *In Re Bomgardner,* 711 P.2d 92, 97 (Okla.1985) and *Guardianship of Sherle,* 683 P.2d 78, 80 (Okla.App.1984), for the proposition that court supervision over the welfare of children is equitable in character. As the *Bomgardner* Court determined, the Legislature has "never statutorily declared a grandparent's access to the grandchild to be nonactionable ... All impediments to the cognizance of a grandparents' claim have been self-imposed. Equity recognizes—independent of statute— the grandparents' claim to the companionship of their grandchild." The Court then held grandparents have standing, pursuant to statute and in equity, to assert a claim for access to and companionship of their offspring. 711 P.2d at 97.

■ Title 10 O.S.Supp.1990 § 5 specifically mandates the right of a grandparent to reasonable visitation with a minor grandchild provided such visitation is in the best interest of the minor, and the district courts are specifically vested with the requisite jurisdiction to issue orders granting visitation and enforcing such rights. We find no reference in this statute prohibiting the filing of more than one application for grandparental visitation; rather, the prohibition to the granting of such application is if visitation is not in the best interest of the minor children. Nor do we find any indicia, in the statute or otherwise, that the best interests of minor children are fixed and immutable. On the contrary, § 5 even provides for the possibility of grandparental visitation subsequent to termination of parental rights and/or adoption of the minor child. The trial court has continuing jurisdiction over matters of child custody and

visitation. We therefore find no legal impediment to the bringing of an additional application for grandparental visitation subsequent to previous denial of application for visitation.

■ Having so held, we turn to the facts of the case at bar. Herein, the trial court specifically stated in the most recent order that its denial of Appellant's application for visitation was based on res judicata inasmuch as Appellant failed to show any change of the circumstance which led to the trial court's original denial of visitation; i.e., the relationship between Appellant and Appellee was so acrimonious as to be detrimental to the best interests of the minor children.[1] However, the determinative issue is whether the best interests of the children would be served by visitation. By granting Appellee's motion to dismiss, the trial court denied Appellant the right and ability to demonstrate to the trial court her new evidence would establish the best interests of the minor children would be served by allowing visitation.

The test to modify a previous custody or visitation order is "change of circumstances", and this requirement is an "attempt to accord some degree of finality to factual and legal determinations made in such matters which, if absent, would lead to constant relitigation of matters already determined." *Boatsman v. Boatsman,* 697 P.2d 516, 519 (Okla.1984). However, an applicant for modification of an order of visitation must be allowed the opportunity to demonstrate the requisite change of circumstance which would warrant modification.

We view Appellant's application for visitation and proffered evidence in support thereof as necessitating judicial inquiry into whether, based on new evidence, visitation with Appellant would be in the best interests of the minor children. By precluding the hearing of any evidence, the trial court erroneously and prematurely terminated trial of an issue of equitable cognizance. See *Bomgardner,* 711 P.2d at

---

**1.** As an aside, we note that as a general rule if a certain amount of acrimony is not present in a relationship between a custodial parent and the child's grandparent, visitation would be effected without resort to court proceedings.

92. We thus find the trial court abused its discretion in granting Appellee's motion to dismiss.

REVERSED AND REMANDED for further proceedings not inconsistent with this opinion.

GARRETT, P.J., concurs.

HUNTER, C.J., dissents with separate opinion.

HUNTER, Chief Judge, dissenting:

The majority misperceives the jurisdiction of the trial court. The majority confuses modification of *custody* orders entered in divorce cases with grandparental *visitation* orders. The majority treats them as if they were the same. They are not. Custody in a divorce case and grandparental visitation are very different.

Courts are given a powerful tool in *divorce* cases. If there are minor children of the marriage, the court "may modify or change any order whenever circumstances render such change proper ..." The court has jurisdiction over "... guardianship, custody, medical care, support and education ..." of such children. 43 O.S.1990 Supp. § 112(A)(1), (3).

Grandparental visitation is not governed by 43 O.S.1990 Supp. § 112. Instead, grandparental visitation is controlled by 10 O.S.1990 Supp. § 5. Unlike 43 O.S. § 112, 10 O.S. § 5 does not give the court power to "modify or change" a grandparental visitation order. Thus, an order under 10 O.S. § 5 becomes final according to the same rules as other orders.

Grandparents lack even implied rights under 43 O.S. § 112. Grandparents may not intervene in a divorce case, even when the grandparents are seeking custody. In *Logan v. Smith*, 602 P.2d 647 (Okl.1979), the supreme court held that 10 O.S. § 5 did not give grandparents standing to seek to modify custody in a divorce case.

This matter started as a divorce case. It is not one now, however. The father, son of the grandmother here, died before the divorce case was tried. The intervention of the grandmother in this case was improper. Under *Logan*, the grandmother had no right to proceed under 43 O.S. § 112, or any other divorce statute. The grandmother's rights here must, therefore, be tested as if she had filed an independent lawsuit seeking visitation rights. The trial court had no jurisdiction over the children under 43 O.S. § 112. The trial court's 1989 order, denying the grandmother visitation, was the same as any other final order. The trial court correctly held it lacked the jurisdiction to modify it. Only in a divorce action may a trial court modify a final order.

The majority relies on *In Re Bomgardner*, 711 P.2d 92, 97 (Okl.1985), and *Guardianship of Sherle*, 683 P.2d 78, 80 (Okl. App.1984). Both cases are cited for the proposition that grandparents have an equitable right to visitation, independent of 10 O.S. § 5. That rule does not support the majority's holding, however. Equity cases are subject to the same rules of res judicata as cases at law. Neither *In Re Bomgardner*, nor *Guardianship of Sherle* involved a modification of a final order.

In *Bomgardner*, the trial court denied grandparental visitation under 10 O.S. § 5, and the grandparents appealed. In *Bomgardner*, the trial court's right to modify a visitation order was not an issue; there, the grandparental visitation order was the first one in the case.

In *Sherle* the trial court, in its visitation order, left open the details of the days and times the grandparents would have visitation. The court of appeals expressly held the trial court's second order, which merely fixed the days and times, was not a modification of the first. The court held the second order was a clarification of the first. Thus, the court held, in effect, that the first order was interlocutory. *Sherle*, therefore, recognizes that *final* orders dealing with grandparental visitation are subject to the doctrine of res judicata. *Sherle* was a guardianship case. The child, as a ward of the court, therefore, was subject to the trial court's continuing jurisdiction.

The majority's confusion about the distinction between parental custody and

**1056** 

grandparental visitation is made clear in one sentence and a case citation in the majority opinion:

> The test to modify a previous custody or visitation order is "change of circumstances" ... *Boatsman v. Boatsman,* 697 P.2d 516, 519 (Okla.1984) ...

The term "change of circumstances" comes from 43 O.S. § 112. By its terms, § 112 can apply only in divorce cases. *Boatsman,* supra, involved a custody dispute between parents in a divorce case. This is not a divorce case. The majority, therefore, wrongly applies the "change of circumstances" rule. The trial court correctly held its 1989 visitation order was final.

The doctrine of res judicata is based on the sound judicial policy that litigation must end. *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), Reh. Den. 328 U.S. 879, 66 S.Ct. 1335, 90 L.Ed. 1647. Grandparents seeking visitation rights, as with other litigants, should be limited to one trial on the merits. If grandparents have the money—and the determination—to institute multiple visitation hearings because of "Change of Circumstances," the grandparents can wreak financial and emotional havoc on the parent. *In Re Sherle,* supra, dissenting opinion, 683 P.2d at 81.

The supreme court recognized that a judgment concerning an attempt by grandparents to obtain custody of a child under the dependent and neglected child portions of Title 10 is subject to res judicata. *Montgomery v. Moore,* 292 P.2d 1040 (Okl.1955). In *Montgomery,* the supreme court found res judicata inapplicable to the particular trial court order before it. The basis of the court's holding was that the trial court order was interlocutory, as it left further findings to be made. *Montgomery,* therefore, supports the proposition that orders brought under Title 10 are subject to res judicata.

The trial court's order dismissing the grandmother's application for visitation should be affirmed. I dissent.