2006 OK 87

**Douglas FLANDERMEYER, Petitioner,**

v.

**The Honorable Stephen BONNER, Associate District Judge of the District Court of Cleveland County, Respondent,**

and

**Tracey Flandermeyer, Real Party in Interest.**

**No. 103,509.**

Supreme Court of Oklahoma.

Nov. 21, 2006.

David L. Thomas, J. David Terrell, Oklahoma City, OK, for Petitioner.

George H. Brown, Oklahoma City, OK, for Real Party in Interest.

KAUGER, J.

¶ 1 This application to assume original jurisdiction and petition for writ of prohibition and/or mandamus was brought by the petitioner (husband) after his divorce proceedings were rescheduled and heard piecemeal over a period of a year. We agree with the petitioner that holding a trial in a serial fashion implicates fundamental fairness, due process, and the right to a speedy and certain remedy.[1] However, under the facts presented, because it appears that the delays were more attributable to the actions of the petitioner, than those of the trial court, the application to assume original jurisdiction and the petition for writ of prohibition and/or mandamus is denied.

## DISPUTED FACTS

¶ 2 On December 29, 2004, Tracey Flandermeyer (wife) initiated divorce proceedings in the District Court of Cleveland County. On January 3, 2005, the Petitioner, Douglas Flandermeyer (husband) filed his answer and cross petition. The husband's counsel filed a Resolution Conference Statement on April 11, 2005, which indicated that the length of the trial would be one (1) day. The trial was set for May 12, 2005.

¶ 3 Because the husband failed to comply with the court's Resolution Conference Order and failed to respond to wife's discovery requests prior to the trial, the district court ordered that the husband could not call his witnesses to testify at trial and could not offer to admit any of his exhibits. However, the court gave the parties another opportunity to produce and exchange exhibits.

¶ 4 On May 12, 2005, the trial began, but the matter was not concluded in one day. Instead, the trial court continued the matter until October 7, 2005. The wife was prepared for trial on October 7, 2005; however, the husband's counsel informed the court that he had a scheduling conflict and could not proceed. The trial was reset to October 13, 2005, but the matter was not concluded on that day due in part to the husband's failure to exchange or produce exhibits. The trial court again reset the matter for January 20, 2006.

¶ 5 Before the January trial date, the husband hired new counsel, and at the January, 20, 2006, hearing, his lawyer spent most of the time covering issues which had been

---

1.  The United Stated Constitution amendment 14 provides in pertinent part:
    ... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.…
    The Okla. Const. art. 2 § 7 provides:

    No person shall be deprived of life, liberty, or property, without due process of law.
    The Okla. Const. art. 2, § 6 provides:
    The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

discussed before. When he was questioned on previous matters, the husband allegedly recanted his prior testimony, requiring the wife to produce a witness to refute the husband's statements. Due to this repetitive testimony, the trial was not finished on this date. It was tentatively reset to February 3, 2006. On February 3, 2006, another case took the entire day, and the trial was reset to May 25, 2006.

¶ 6 On May 25, 2006, all parties and counsel appeared to proceed on what was expected to be the final day of trial. The only remaining witness was the wife. However, the husband's counsel moved for a mistrial arguing that because the trial had been conducted in a piecemeal fashion over an entire year, his rights to due process were denied. The trial court denied the motion. The husband's counsel then requested that the case be stayed pending the filing of the husband's pleadings with this Court and the district court granted the request. The husband filed his application for extraordinary relief with this Court on June 30, 2006.

¶ 7 **IN THE ABSENCE OF DILATORY BEHAVIOR BY THE LITIGANTS, HOLDING A TRIAL IN A SERIAL FASHION IMPLICATES FUNDAMENTAL FAIRNESS, DUE PROCESS, AND THE RIGHT TO A SPEEDY AND CERTAIN REMEDY.**

■ ¶ 8 The husband argues that because the district court did not hear this cause on successive days: 1) his procedural due process rights were violated;[2] and 2) he was denied the right to a speedy and certain remedy. He requests that this Court order the trial court to declare a mistrial and to conduct a new trial on successive days. The wife counters that: 1) the district court worked with the parties to provide a meaningful trial; 2) the speedy and certain remedy would have been obtained . . . . . . but for the husband's dilatory tactics; and 3) the husband failed to allege or argue that the delay was materially harmful to him.

### a. Due Process

[4] ¶ 9 The United States Constitution guarantees that no person may be deprived of life, liberty, or property without due process of law.[3] Similarly, the Oklahoma Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law.[4] The United States Supreme Court and this Court have both held that the state's participation in any proceeding, the result of which may be the significant restriction of a person's liberty, requires that the person be afforded the protections of due process.[5] Due process is implicated in a divorce proceeding.[6]

■ ¶ 10 Before any deprivation can occur a fundamental requirement of due process must be satisfied: the opportunity to be

**2.** Procedural due process requires an inquiry into the constitutional adequacy of the State's procedural safeguards. The substantive component of the due process clause bars certain governmental action despite the adequacy of procedural protections provided. *Nelson v. Nelson,* 1998 OK 10, ¶ 15, n. 25–26, 954 P.2d 1219.

**3.** The United Stated Constitution amendment 14, see note 1, supra.

**4.** The Okla. Const. art. 2 § 7, see note 1, supra.

**5.** *Addington v. Texas,* 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323 (1979); *Towne v. Hubbard,* 2000 OK 30 ¶ 13, 3 P.3d 154; *In re Guardianship of Deere,* 1985 OK 86, ¶ 6, 708 P.2d 1123; *In re D.B. W,* 1980 OK 125, ¶ 7, 616 P.2d 1149; *In re Adams,* 1972 OK 85, ¶ 16, 497 P.2d 1080.

**6.** See, *Nelson v. Nelson,* note 2, supra at ¶ 16 [The relationship of parents to their children is a

fundamental, constitutionally protected right.]; *Moses v. Hoebel,* 1982 OK 26, ¶ 10, n. 15, 646 P.2d 601 [Excluding a defendant from participation in any feature of the divorce case for failure to pay suit money, alimony, or child support, as ordered, is a denial of due process.]. Formal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as a parent's custody of her child. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). See also, *Messenger v. Messenger,* 1992 OK 27, ¶ 17, 827 P.2d 865 [Art. 2, § 7 of the Oklahoma Constitution bars the government's deprivation of property without due process of law.]; *Phillips v. Williams,* 1980 OK 25, ¶ 4, 608 P.2d 1131, *cert. denied Shabazz v. Williams,* 449 U.S. 860, 101 S.Ct. 162, 66 L.Ed.2d 76 (1980) [Due Process may be invoked whenever government action deprives a person of some legitimate

heard [7] in a meaningful time and in a meaningful manner.[8] Due process is flexible and calls for such procedural protections as the particular situation demands.[9] Before a party's due process rights are violated, it must be shown that the action or error was arbitrary, oppressive and shocking to the conscience of the court.[10] Here, the trial court was faced with balancing its obligation to afford both parties due process and dealing with the husband's trial tactics, which according to the trial docket included several contempt citations. Although a divorce proceeding which is adjudicated one day every six months is perilously close to being both unreasonable in time and manner, as well as shocking to the court, we find no due process violation under these facts.

### b. Right to a Speedy and Certain Remedy

¶ 11 The right to a speedy and certain remedy without delay, in a civil proceeding, is one of the rights enjoyed by the citizens of this State.[11] The Oklahoma Constitution art. 2 § 6 requires that a speedy and certain remedy be afforded for every wrong and for every injury to person, property, or reputation and right and that justice be administered without sale, denial, delay or prejudice.[12]

¶ 12 In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) the United States Supreme Court addressed the right to a speedy trial in the criminal context.[13] *Barker* held that there are four factors to consider in determining whether the right to a speedy trial has been deprived. These include: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. *Barker* discussed these factors in a criminal adjudication context.[14] However, in *Civil Service Commission of the City of Tulsa v. Gresham*, 1982 OK 125, ¶¶ 38–40, 653 P.2d 920, this Court applied similar factors to determine whether delays in the Tulsa Civil Service Commission hearing violated the right to a speedy trial of the Okla. Const. art. 2, § 6.[15]

¶ 13 In *Gresham*, three policemen appealed a demotion and a ninety-day suspension without pay to the Civil Service Commission.

"liberty" or "property" interest within the meaning of the United States Constitution.].

7. *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; *Grannis v. Ordean*, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914). [An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.] See also, *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). [Due process of law requires an opportunity for "some kind of hearing" prior to the deprivation of a significant property interest.].

8. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Jackson v. Independent School Dist. No. 16 of Payne Co.*, 1982 OK 74, ¶ 11, 648, 648 P.2d 26[The purpose of any due process proceeding is to afford the opportunity to each person to present evidence and arguments in a forum which provides fair and equal justice.]; *Malone v. Malone*, 1979 OK 21, ¶ 4, 591 P.2d 296 [Due process requires an orderly proceeding adapted to the case in which the parties have an opportunity to be heard, and to defend, enforce and protect their rights.].

9. *Wood v. Independent School Dist. No. 141 of Pottawatomie County*, 1983 OK 30, ¶ 17, 661 P.2d 892 [It is elementary that due process is a flexi-

ble concept, depending in large measure on the nature of the rights at stake and the nature of the proceedings.].

10. *Meadows v. Meadows*, 1980 OK 158, ¶ 7, 619 P.2d 598.

11. The Okla. Const. art. 2, § 6, see note 1, supra.

12. The Okla. Const. art 2, § 6, see note 1, supra.

13. Although the United States Constitution does not have a constitution provision identical to the Okla. Const. art 2, § 6, see note 1, supra, the 6th Amendment guarantees the right to a speedy and public trial. It provides in pertinent part:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ...

14. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) has also been applied to civil forfeiture proceedings. See, *U.S. v. Eight Thousand Eight Hundred and Fifty Dollars in United States Currency*, 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983). *Barker* has also been noted to be the touchstone in an analysis of speedy trial issues. See, *State v. Bretz*, 185 Mont. 253, 605 P.2d 974, 981 (1979).

15. The Okla. Const. art 2, § 6, see note 1, supra.

A full day hearing was held on April 18, 1979, during which the City presented its case and rested. The hearing was continued until April 27, 1979, when the defense presented three witnesses. Five days later the hearing was resumed for one day. The hearing was scheduled to resume June 6, but was continued for lack of quorum until June 22. Finally, on September 28, five months later, the Commission announced its decision.

¶ 14 On appeal, the Court in addressing whether holding the hearing in a serial fashion violated the policemen's right to a speedy trial, the Court said:

> In *Chase v. Watson*, Okla. 294 P.2d 801 (1956) (at page 805), we said, 'It is not questioned that within the power of court to regulate the conduct of a trial it was largely within the discretion of the court to determine the necessity of recess and to order a recess or postponement of further consideration of the case for a reasonable time.' And in *Montgomery v. Moore*, Okl., 292 P.2d 1040 (1955) we said with reference to a jury trial which was recessed for a period of nine days: 'Such a long postponement in the course of a trial is not to be favored. But it must depend on the circumstances of each case whether such a postponement has any importance on appeal, or what, if any, prejudice resulted from such postponement, or whether the court abused its discretion in permitting or ordering such a postponement.'

The *Gresham* Court considered: 1) the circumstances of the particular case; 2) whether the postponement had any importance on appeal; 3) what, if any, prejudice resulted from the postponement;[16] and 4) whether the court abused is discretion in permitting or ordering such a postponement. Applying the facts of the case to the foregoing factors, the Court determined that the right to speedy trial was not violated.

■ ¶ 15 Here, an estimated *one day* trial that is still continuing over *one year later* involved twice the delay involved in *Gresham* and appears unreasonable. Serialization of trial dates is an ineffective and unreliable method of docket management. It is not approved by this Court and piecemeal proceedings should be used by the trial court as an exception, not as the norm.[17] We realize that balanced against the obligation of the trial court to afford the parties a speedy and certain remedy is its need to control the docket and to facilitate the orderly flow of business. A trial court has the power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.[18] However, a trial court is charged with the duty to schedule cases in such a manner as to expeditiously dispose of them.[19] Implicit with this duty, is the necessity to hold trials in a nonserial manner. We would caution all trial courts that serialization of divorce proceedings should be avoided if at all possible. If necessary, presiding judges should review docket management procedures and assign judges from different divisions in order to achieve the orderly administration of justice. Although the trial judge court, in the exercise of sound discretion controls the disposition of the cause on its docket,[20] this discre-

16. *Chase v. Watson*, 1956 OK 76, ¶ 26, 294 P.2d 801 [Abuse of discretion in ordering recess in trial proceedings or a resulting prejudice will not be assumed or presumed.].

17. See, *State ex rel. Roth v. Waterfield*, 1933 OK 546, ¶ 63, 29 P.2d 24 [The power to grant a continuance in a proper case is not a power to be exercised by trial courts or judges as an appeal to cheap popularity nor to enable them to exercise their judicial authority in accordance with personal whim.].

18. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Chase v. Watson*, see note 16, supra at ¶ 22 [The power to regulate the conduct of a trial is within the trial court's discretion to determine the ne-

cessity of recess and to order recess and postponement for a reasonable time.].

19. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *Slavenburg v. Bautts*, 221 Kan. 590, 561 P.2d 423, 426 (Kan.1977) [A trial court has the inherent authority to control its docket to eliminate procrastination and delay in order to expedite the orderly flow of business.]; *Watts v. Pennington*, 598 So.2d 1308, 1312 (Miss.1992) [Trial court has inherent right to control its docket and is afforded reasonable latitude regarding the setting of cases.].

20. *Hambright v. City of Cleveland*, 1960 OK 184, ¶ 16, 360 P.2d 493 [Control over the docket cannot be arbitrary, but must be in the exercise of sound discretion of the trial court.].

tion is not unfettered...... and we will not hesitate to provide remediation whenever docket management offends fundamental fairness, due process, and the right to a speedy and certain remedy.[21]

¶ 16 Under the particular facts of this cause, after scrutinizing the docket scheduling, it is clear that the trial court is perilously close to manifestly unreasonable scheduling practices. Attempting to hold this trial in a serial fashion implicates both parties' right to a speedy and to a certain remedy. However, we are not inclined to grant the husband's requested relief because he has failed to show that the delays he has suffered were not in fact attributable to him and his conduct at the hearings.

## CONCLUSION

¶ 17 We are loathe to interfere in the matter of docket control unless there is a clear abuse of discretion. Here, the trial court comes dangerously close to exceeding its discretion and warranting intervention. However, because it appears that the delays were more attributable to the actions of the husband than those of the trial court, the application to assume original jurisdiction and petition for writ of prohibition and/or mandamus is denied.

HARGRAVE, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ., concur.

WATT, C.J., WINCHESTER, V.C.J., LAVENDER, OPALA, JJ., dissent.

OPALA, J., dissenting

¶ 1 The court finds it appropriate to assume original jurisdiction, yet chooses to deny the writ request. While I abstain from expressing my own opinion on whether the writ should indeed be granted, I must question the court's wisdom in utilizing its original cognizance over this cause.

¶ 2 "... [T]he determination whether to assume original jurisdiction in a ... case is discretionary ...".[1] **Only** where "... the case is *publici juris* in nature ..." [2] and "**there ... [is] some urgency or pressing need for an early decision**" is this court's exercise of its original cognizance ever warranted.[3]

¶ 3 After reading today's opinion, the erudite legal professional might ask herself, *"cui bono?"* Indeed, the world would most likely also join in similar wondering. Although the opinion finds that the long delays in the trial court were attributable to certain actions of the petitioner and that the trial court has yet to exceed the law's allowable quantum of its judicial discretion, the opinion nevertheless divines neither the requisite urgency nor absolute necessity for exercising this court's superintending control. In these circumstances one's commitment to judicial economy would strongly militate against acquiescing in today's act of supererogation.

¶ 4 I would counsel the court either to assume original jurisdiction and issue the writ that is sought or deny the application to assume the cognizance petitioner seeks to invoke by disposition consisting of a single-line entry upon the court's order sheet.

21. An abuse of judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence. *Patel v. OMH Medical Center Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, *cert. denied* 528 U.S. 1188, 120 S.Ct. 1242, 146 L.Ed.2d 100 (2000); *In re Stackman*, 1963 OK 264, ¶ 29, 388 P.2d 305.

1. *Edmondson v. Pearce*, 2004 OK 23, ¶ 10, 91 P.3d 605, 613 (citing *Keating v. Johnson*, 1996 OK 61, 918 P.2d 51, 55).

2. *Id.* at ¶ 11, 613–4.

3. *Id.* (citing *Ethics Commission v. Cullison*, 1993 OK 37, 850 P.2d 1069, 1072) (emphasis added).