Joe ARCHER, for himself and for the benefit of others similarly situated, including Phillip H. Stekoll, Ray Stekoll and Marion Stekoll, doing business as Stekoll Pipe & Supply, Moran Pipe and Supply Co. Inc., G. B. Stobaugh, assignee of Troy Taylor, Independent Tank Co., a corporation, Frank Hall, Clarence George, H. F. Harper, and Lee Elliott, judgment creditors of William Clark, Plaintiff in Error,

v.

Rudy WEDDERIEN and Frank H. Ephraim and Jake B. Sureck, co-partners doing business as Ephraim and Sureck, as trustees for Milton Maniloff et al., Defendants in Error.

No. 40752.

Supreme Court of Oklahoma.

Oct. 8, 1968.

King & Wadlington, by Carloss Wadlington, Ada, for plaintiff in error. Charles Sims, Seminole, Richard S. Roberts, Wewoka, Sandlin & Daugherty, Holdenville, Abernathy & Baker, Shawnee, H. W. Carver, Wewoka, W. B. Edwards, Seminole, Leslie B. Younger, Ada, Chas. T. Hutson, Wewoka, of counsel.

Robert K. Everest; Carroll & Carroll; and John E. Marshall, Oklahoma City, for defendants in error.

IRWIN, Vice Chief Justice:

The appeal under consideration involves a judgment entered in a garnishment proceeding. Since the garnishment proceeding was commenced to collect deficiency judgments arising from a foreclosure action, we will first discuss the foreclosure action.

In January, 1959, an action was commenced to foreclose a lien for materials and supplies furnished for the development of an oil and gas lease. It was alleged that William Clark and his unknown associates were the owners of the leasehold estate and other defendants were specifically named as claiming some interest therein. In December, 1959, judgment was entered for the lien claimants and thereafter the leasehold estate was sold and the proceeds were paid to the various lien claimants. In the foreclosure judgment, the lien claimants obtained a personal judgment against William Clark.

In the proceeding under review, the lien claimants (plaintiffs in error) referred to as plaintiffs, sought to collect their deficiency judgments against Clark in garnishment proceedings commenced in June, 1961. The garnishee, in answer to various interrogatories served upon it, disclosed it was holding a certain sum of money for the ⅞ths working interest for oil purchased from the leasehold estate from March, 1958, to October, 1959; that in June, 1958, Clark delivered to it 17 separate assignments reflecting various fractional portions amounting to ¾ths of the ⅞ths working interest and that Clark assigned the remaining ¼th of the ⅞ths working interest in November, 1958. The garnishee paid the funds into court and is no longer involved in this action. Thereafter, plaintiffs filed supplemental pleadings and made the assignees of Clark additional party defendants. Defendants in error are the assignees of the ⅞ths working interest from Clark and will be referred to as defendants.

The basic question presented to the trial court and to this Court on appeal is: Are the judgment creditors of William Clark (plaintiffs) or the assignees of William Clark (defendants) entitled to the oil run payments which were garnisheed and deposited in court?

The trial court entered judgment for defendants and ordered the funds distributed to them. Plaintiffs have appealed from the order overruling their motion for a new trial.

■ One of the first issues presented is whether plaintiffs' liens covered the proceeds from the sale of the oil and gas produced which is the subject of this litigation. Plaintiffs contend that under the provisions of Title 42 O.S.Supp.1963, § 144, such proceeds are subject to the liens and no injustice would result if the proceeds in question were distributed under such statute as amended. Since the rights of the parties must be determined under the laws prior to the 1963 amendment, we find that the provisions of § 144, as amended, are not applicable but the provisions of Title 42 O.S.1961, § 144, are controlling.

In Stanolind Crude Oil Purchasing Co. v. Busey, 185 Okl. 200, 90 P.2d 876, we held a laborer's or materialman's lien upon an oil and gas lease, leasehold, well, etc., under the provisions of § 144, supra, prior to amendment, attaches only to such property as is specifically mentioned therein and does not apply to oil as and when produced. In the second syllabus we held:

"Where oil has been produced from premises leased for oil and gas purposes while proceedings are pending to foreclose laborers' and materialmen's lien against the lease, leasehold, wells, etc., and the oil has been sold and delivered to a purchaser, but not paid for, the proceeds from the oil are not brought into the custody of the law subject to the power and control because of the pending action to foreclose the lien, the only property brought into custodia legis by the action to foreclose the lien being

the specific property to which the lien applies."

We hold that plaintiffs' liens did not attach to the proceeds from the sale of the oil produced which constitute the funds herein involved. Such holding disposes of plaintiffs' argument that in order for the lien claimants to obtain a valid judgment subjecting the entire leasehold estate to their liens, it was not necessary that certain defendants who were holders of unrecorded assignments be made parties in the foreclosure action. This is axiomatic for the reason defendants do not presently claim or assert any interest in the leasehold estate or to the funds derived from the foreclosure sale, nor do they challenge the correctness of the trial court's judgment in the foreclosure proceedings which foreclosed all their right, title and interest in the leasehold estate. Defendants do claim the proceeds from the sale of the oil produced from the lease and these proceeds were not subject to the lien foreclosure action. It necessarily follows that unless plaintiffs can show their entitlement to such funds on other grounds, the judgment of the trial court holding that defendants are entitled to such funds must be affirmed.

To support their contention to entitlement to the funds on other grounds plaintiffs argue that Clark and his assigns (defendants) were mining partners and since the trial court could order proper distribution of the funds deposited in court, the court had the power and should have determined that defendants were jointly liable with Clark to plaintiffs, the lien claimants.

Defendants counter this argument on the theory that whatever rights plaintiffs may have had against them personally, such rights, if any, were waived and relinquished in the 1959 foreclosure proceedings by stipulation.

The record reflects that in the lien foreclosure action counsel of record for the various lien claimants entered into a stipulation, which in part is as follows:

"* * * that each of the lien claimants waives a personal judgment against the estate of Harold S. Maniloff or Maria Maniloff, as the executrix of said estate, and against Maria J. Maniloff, individually; that each of the lien claimants further waives a personal judgment against Rudy Wedderien.

"It is further stipulated that each of the lien claimants waives a personal judgment against each, every, and all of the remaining owners of the working interest under the Graham and Prothro leases, in addition to the Maniloffs and Wedderien, save only that each lien claimant, as stated, does reserve and is entitled to a personal judgment against William Clark * * *."

In the petition filed in the 1959 foreclosure action, it was alleged that the leasehold estate was owned by Clark "and his unknown associates"; and it was further alleged that certain named defendants "and the unknown associates and assignee of said William Clark * . * * claim some right, title or interest in and to" the leasehold estate.

It is evident that when the stipulation was entered into, plaintiffs knew that Clark had associated himself with others in the development of the oil and gas lease. However, it is equally evident that plaintiffs did not elect to pursue any remedy they may have had against the assigns (defendants) personally but elected to satisfy their respective claims from foreclosure and sale of the leasehold estate and their personal judgment against Clark only.

■ A "waiver" is the voluntary or intentional relinquishment of a known right, which involves the notion of an intention entertained by the holder of some right to abandon or relinquish instead of insisting on the right. 28 Am.Jur.2d "Estoppel and Waiver" § 154 et seq.; Lewis v. Steward, 204 Okl. 349, 230 P.2d 455.

■ We can only conclude that whatever rights plaintiffs may have had against defendants, such rights were expressly

waived or relinquished in the foreclosure action.

Plaintiffs argue that the evidence establishes that the assignments by Clark to defendants were made to hinder, delay, and defraud creditors and the funds may be reached by garnishment proceedings.

The trial court found that no fraud was proved and its finding is not against the clear weight of the evidence.

We have examined the record in this cause and can find no reason whatsoever why any of the plaintiffs would be more entitled to their share of the funds than would any other of the plaintiffs. In our opinion the defendants were entitled to the funds involved, plaintiffs are not entitled to a personal judgment against defendants or any of them, and the judgment of the trial court should be affirmed.

Judgment affirmed.

All the Justices concur.