James CROWELL and Goldie L. Crowell, Appellants,

v.

The THOREAU CENTER, PARTNERSHIP, a partnership composed of Gary K. Rice, Dale Painter and Dr. Robert H. Knarr; and Gary K. Rice; Dale Painter and Dr. Robert H. Knarr, Individually, and Rice Real Estate Co., Appellees.

No. 51272.

Supreme Court of Oklahoma.

July 14, 1981.

Charles M. Humphrey, III, Okmulgee, for appellants.

David W. Griffith, Tulsa, John R. Wallace, Miami, H. Tom Hendren, Tulsa, for appellees.

## MEMORANDUM OPINION

SIMMS, Justice:

We grant certiorari for the limited purpose of discussing the issues of waiver and estoppel raised by appellees in their briefs on appeal but not addressed by the Court of Appeals, Division No. 2, in their published opinion at 51 OBJ 129. The Court of Appeals opinion is in all other respects approved.

■■■ Appellees claim that the Crowells have waived or are estopped to assert the alleged fraud in the procurement of the listing and sales contracts by their failure to assert it for approximately six months. Waiver is the intentional relinquishment of a known right or conduct which warrants an inference of such intent and where it is properly pled and there is evidence to support the plea so made it becomes a question of fact for the jury. *Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 194 Okl. 394, 152 P.2d 273 (1944). The record here shows that the question whether the Crowells intentionally relinquished a known right was clearly disputed. We cannot, therefore, say as a matter of law whether there was or was not a waiver here. This is a matter properly left to the jury.

■ Similarly, we cannot say as a matter of law that the Crowells were estopped to assert the alleged fraud. As the Court of Appeals correctly notes, there was sufficient evidence to infer that both the appellee real estate company and the appellee partnership were involved in setting up the fraud they claim the Crowells are estopped to assert. The law in Oklahoma is clear that the party who claims an estoppel must be one who has, in good faith, been misled to his prejudice. *Fipps v. Stidham*, 174 Okl. 473, 50 P.2d 680 (1935).

■ The record here shows factual disputes relative to the issue of estoppel. There is first a factual question whether the disclosure ultimately given was sufficient to apprise the Crowells of the fraud allegedly being perpetrated upon them. If the jury finds that the appellees fraudulently set up the transaction, then the appellees are clearly in no position to assert estoppel. Estoppel is to be used only to prevent injustice and may not be used as an instrument of fraud. *Fipps v. Stidham, supra; Slyman v. Alexander*, 126 Okl. 232, 259 P. 224 (1927). There is also a factual question concerning appellees reliance to their prejudice. Appellees could hardly claim that they were misled or relied to their prejudice on a contract they themselves procured by fraud.

The issues raised by appellees concerning whether the Crowells waived or are estopped to assert the alleged fraud can only be answered after a factual determination by the jury.

Certiorari granted for the limited purpose of answering questions not addressed in the Court of Appeals opinion. Judgment of the Court of Appeals Affirmed. CAUSE REVERSED AND REMANDED.

BARNES, V. C. J., and WILLIAMS, HODGES, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, C. J., and LAVENDER and OPALA, JJ., dissent.