Alberta R. Wixon BIRDTAIL, Appellant,

v.

Lee BIRDTAIL, Appellee.

No. 77348.

Court of Appeals of Oklahoma,
Division No. 3.

March 24, 1992.

Certiorari Denied Oct. 1, 1992.

Karen S. Smith, Tulsa, for appellant.

Mark A. Grober, Muskogee, for appellee.

## MEMORANDUM OPINION

HANSEN, Vice–Chief Judge:

A decree of divorce entered in 1974 granted custody of her minor child to Alberta R. Wixon Birdtail (Birdtail). Lee Birdtail (Appellee), the child's father, was ordered to pay child support in the amount of $100 per month. That same year Birdtail began receiving aid to families with dependent children (AFDC) and assigned her rights to child support collection to the Department of Human Services (DHS) on behalf of the child.

In 1988, Birdtail filed a contempt citation against Appellee for non-payment of child support, alleging he was in arrears in the amount of $13,600 through March, 1988, plus amounts accruing to the trial date. In 1991, the trial court heard Birdtail's motion to settle a 1989 journal entry resulting from the contempt proceeding. At the motion hearing, the trial court determined the only issue not agreed to in 1989 was the total amount of past child support arrearages owed by Appellee. Appellee then argued a five (5) year statute of limitations applied to a determination of arrearages. The trial court granted judgment in the amount of $6,000, arrearages from April, 1984 through May, 1989, five years preced-ing the date of the original order. It is from this decision Birdtail has perfected this appeal.

The sole issue on appeal is whether the five year statute of limitations, 12 O.S.1991 § 95 (Sixth), applies to a party's action to collect child support arrearages when that party has assigned her right to collect child support to DHS.

Title 43 O.S.1991 § 137(A) provides that any payment of child support ordered pursuant to any order of the district court or of DHS is on or after the date it becomes past due a judgment by operation of law. Birdtail contends because this statute allows that each past due monthly obligation is automatically a judgment by operation of law, it eliminates the five year limitation set out in 12 O.S.1991 § 95(Sixth). However, § 137 also provides, in part, that such judgment shall be subject to collection action only after the child support obligor has been given notice and opportunity for a court or administrative hearing to determine the amount that is past due. At this time, the obligor may raise the defense of the statute of limitations.

Birdtail also alleges that since the debt has been assigned to the state and termed a "debt due and owing to the state of Oklahoma", 56 O.S.1991 § 238, the statute of limitations ceases to run against any action the state may bring to enforce such support provision. We disagree.

The determining factor as to whether a statute of limitations runs against a cause of action to which the state or a subdivision is a party is determined by whether the right affected is a private right or a public right. *State ex rel. Cartwright v. Tidmore*, 674 P.2d 14 (Okla.1983). Pursuant to 56 O.S.1991 § 237(C)(1), a recipient of AFDC "shall be required to assign to [DHS] any rights of or support from any other person which the recipient may have in her own behalf for a child for whom no recipient is applying for or receiving assistance...." Herein DHS acquires only those rights and defenses that Birdtail possesses. DHS simply stands in Birdtail's shoes and ordinarily is subject to all other

defenses and equities which could have been asserted in a chose in action in the hands of Birdtail at the time of assignment. *See National Bank of Commerce of Tulsa v. ABC Construction Co.,* 442 P.2d 269 (Okla.1967). Title 56 O.S.1991 § 238 provides, in part, that DHS shall be subrogated to the right of the dependent child to prosecute or maintain any support action to obtain reimbursement of money that is extended.

Thus, the private debt remains a private debt, subject to collection efforts only by a public organization. Because Birdtail is limited to the limitation period in her collection endeavors, so is DHS.

Accordingly, inasmuch as the debt remains a private debt, it is subject to the five year statute of limitations set forth in 12 O.S.1991 § 95(Sixth).

AFFIRMED.

HUNTER and JONES, JJ., concur.