1998 OK CIV APP 18

1998 OK CIV APP 18

**Laura TORRES, now Espinosa, Appellant,**

v.

**Lupe R. TORRES, Jr., Appellee.**

**No. 88047.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 10, 1998.

J. Phillip Olson, Olson & Harrison, Altus, for Appellant.

David R. Thomas, Phillip L. Nelson, Latham, Nelson & Thomas, Altus, for Appellee.

## OPINION

TAYLOR, Chief Judge:

Plaintiff, Laura Espinosa, appeals the trial court's order finding that she waived her right to receive the child support ordered by the court to be paid by Defendant, Lupe Torres, Jr. After a review of the record and applicable law, we affirm in part, reverse in part, and remand with instructions.

Plaintiff and Defendant were married on July 2, 1980, and subsequently had two children. On January 15, 1988, the parties were divorced and the court awarded custody of the two sons to Plaintiff. The court ordered Defendant to pay $225 per child per month for child support,[1] and to pay the children's health insurance and one half of medical expenses not covered by insurance. Defendant was also ordered to pay 50% of dental and eye care expenses for the children.

In August 1995, Plaintiff filed an Application for Contempt Citation, alleging that Defendant had willfully failed to pay child support as ordered in the divorce decree, and that he was now delinquent in the amount of $39,760. In a response filed October 2, 1995, Defendant asserted that the parties waived a portion of the child support obligation and agreed to a lesser amount. Defendant further stated that he relied to his detriment on the parties' agreement, made monthly child support payments accordingly, and denied that he owed $39,760 as arrears for past due child support.

After a hearing, the court found that Defendant's nonpayment of the prior child support was not a willful violation of the Court's order and denied Plaintiff's Application for Contempt Citation. The court found that "Plaintiff's actions in the years 1988–1993 resulted in waiver of child support ordered." For 1994, the court found that Plaintiff agreed to accept the lower amount of $80 per

month. For 1995, the court found that Defendant's payment of the lower amount was not a waiver of the deficiency, and that Defendant therefore remained liable for $450 a month for 1995, less Defendant's monthly payments of $80 in 1995, and a payment of $125 in September 1995. The court entered judgment for Plaintiff for this arrearage, but did not award interest on the judgment. The court allowed Defendant a period of 36 months to pay the arrearage judgment. In addition, the court found that Defendant's child support obligation would remain at $450 monthly.

Plaintiff appeals on the grounds that she did not waive her right to collect child support, and that the court erred in failing to include amounts for interest in its computation of the arrearage. Plaintiff also asserts that the law is unclear as to whether equitable defenses apply to the collection of a child support arrearage which has become a judgment by operation of law under 43 O.S.Supp. 1997 § 137.

In *Thrash v. Thrash,* 1991 OK 32, ¶ 12, 809 P.2d 665, 668, the supreme court set out the applicable standard of review for child support orders as follows:

> An appeal reviewing child support is one of equitable cognizance. This Court will review the whole record, weigh the evidence and affirm the judgment only where the judgment rendered is just and equitable. If the judgment is not just and equitable, this Court will render or cause to be rendered a proper judgment. (Citation omitted.)

■ Waiver consists of an actual intention to relinquish a known right, either expressly or by conduct that warrants an inference of such an intent to relinquish. *See Crowell v. Thoreau Center, Partnership,* 1981 OK 84, ¶ 2, 631 P.2d 751, 752. A waiver "involves the notion of an intention entertained by the holder of some right to abandon or relinquish instead of insisting on the right." *Archer v. Wedderien,* 446 P.2d 43, 45 (Okla.1968) (citations omitted). Moreover, "[t]he most rudimentary essential of a waiver is that the

---

1. This amount was a deviation from the computation under the Child Support Guidelines. Under the Guidelines, father's obligation for net

child support was $416.69 per month, and his share of child care expenses was $138.60, for a total of $555.29.

waiving party shall in some manner publish his intention to relinquish his rights, either by words or conduct.... An individual cannot waive his rights by words spoken to himself, which no third person hears, or by conduct which is never seen." *Atlas Life Ins. Co. v. Schrimsher*, 179 Okla. 643, 66 P.2d 944, 948 (1937). Waiver is largely a question of intention, and it is therefore important to examine the intention of the party in doing the act which is alleged to constitute a waiver. *See State ex rel. Gaines v. Beaver*, 196 Okla. 560, 166 P.2d 776, 780 (1945).

■ A review of the testimony reveals that a waiver has not been established by the facts in this case. Regarding the alleged agreement to lower child support, Plaintiff testified she never agreed to accept less than $450 a month, or to accept $80 instead of $450. However, she did state that she told Defendant "If he wasn't going to send any money just to send something, at least five dollars at least so [the children] could go to the arcade with their friends or to the movies." In an attempt to establish the agreement, Defendant testified that Plaintiff "told me to send them whatever I could, that's all I know." He also testified, "Mainly she just told me ... to send the kids some spending money, send them what I can."

With respect to the amount of their agreement and the remaining deficiency, Defendant admitted, "There was never really an amount agreed upon. I just, when she told me to send what I can and send the kids some spending money I just, I sent them what I could." When asked if Plaintiff stated she would forgive the rest of it, Defendant testified, "No, I never did hear her say that." Defendant agreed that she never said that if he paid what he could, Plaintiff would forgive the rest of the child support.

2. Since we find that the facts do not support a waiver, we do not address the issue of equitable defenses in an action to collect child support.

3. In determining the arrearage, the court should consider that the debt is subject to the five-year statute of limitations in 12 O.S.1991 § 95(6). *See Birdtail v. Birdtail*, 1992 OK CIV APP 32, ¶ 8, 838 P.2d 522, 524.

4. The interest statute provides:

Our review of these facts does not support a conclusion that Plaintiff intended to waive her right to receive the child support ordered by the court.[2] Plaintiff merely requested that Defendant at least send some money for his children since he was not paying the amount ordered by the court. This evidence does not establish the existence of an intention by Plaintiff, by words or conduct, to agree to accept a lesser amount of child support than the amount ordered by the court. Moreover, there is no evidence of record to establish an intention on Plaintiff's part to relinquish the deficiency.

Under these circumstances, we must reverse the trial court's order finding that Plaintiff completely waived the child support ordered during the years 1988–1993. We also reverse the finding that Plaintiff agreed to accept the lower amount of $80 per month during 1994. However, the finding that support shall remain in the amount of $450 is affirmed.

■ With respect to the ruling on contempt, the standard of review which binds this court is clear. In reviewing a denial of an application for contempt, only questions of law may be considered; questions of fact will not be reviewed. *Seifried v. State ex rel. Bash*, 184 Okla. 299, 86 P.2d 1008, 1011 (1939). The trial court found that Defendant's failure to pay child support was not a willful violation of the court's order. As we cannot review questions of fact and no question of law has been presented, the portion of the order denying Plaintiff's application for a contempt citation is affirmed.

The action is remanded to the trial court to compute the Defendant's child support arrearage[3] and to enter judgment in favor of Plaintiff for such arrearage, including interest.[4] The court is further directed to deter-

Court-ordered child support payments and court-ordered payments of suit moneys shall draw interest at the rate of ten percent (10%) per year from the date they become delinquent, and the interest shall be collected in the same manner as the payments upon which the interest accrues.
43 O.S.Supp.1997 § 114.

mine an appropriate time period for Defendant to pay the arrearage judgment.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

GOODMAN, P.J., and BOUDREAU, J., concur.

