2001 OK 29

**Richard BARRINGER, Plaintiff,**

v.

**BAPTIST HEALTHCARE OF OKLA-HOMA d/b/a Blackwell Regional Hospital, Third–Party Plaintiff/Appellant,**

v.

**R.F. Morgan, M.D., Third–Party Defendant/Appellee.**

No. 94,121.

Supreme Court of Oklahoma.

April 3, 2001.

Brian E. Dittrich, Linda M. Szuhy, Tulsa, OK, for Appellant.

K. Clark Phipps, Christine M. Benson, Tulsa, OK, for Appellee.

BOUDREAU, Justice:

¶ 1 The issue in this appeal is whether the doctrines of waiver and estoppel bar the defendant hospital's claim for contribution from the treating physician. We hold the hospital's contribution claim is not barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 On June 16, 1993, plaintiff Richard Barringer (plaintiff), then sixteen years old, lost control of the Ford Bronco he was driving and the vehicle rolled over. He was taken to the emergency room at Blackwell Regional Hospital (hospital) where he was treated by R.F. Morgan, M.D. (physician). He is now paraplegic.

¶ 3 On February 15, 1995, plaintiff commenced a medical negligence action against both the hospital and the physician. About two years later he dismissed his claim against the physician without prejudice and proceeded solely against the hospital. The hospital then filed a third-party petition seeking contribution or indemnification from the physician.[1] On October 7, 1997, just before the medical negligence trial was to begin, plaintiff and the hospital entered into a settlement agreement. The hospital paid plaintiff $3 million. In return, plaintiff dismissed his medical negligence claim against the hospital with prejudice and executed a release in favor of both the hospital and the

---

1. The hospital's indemnification claim is not part of this appeal and we make no further reference to it in this opinion.

physician. At that time, in October of 1997, the only issue that remained in the case was the hospital's third-party petition against the physician.

¶ 4 In June of 1999, the physician moved for summary judgment. The trial court granted the motion and denied the hospital's motion for new trial. The hospital appealed, the Court of Civil Appeals reversed and the physician sought certiorari review which we previously granted.

## II. STANDARD OF REVIEW

■ ¶ 5 A motion for new trial is addressed to the sound discretion of the trial court. Unless it is apparent that the trial court erred in some pure question of law or acted arbitrarily the ruling will not be disturbed on appeal. *McMinn v. City of Oklahoma City,* 1997 OK 154, 952 P.2d 517.

■ ¶ 6 A summary judgment disposes solely of issues of law and therefore we review it by a *de novo* standard. *Manley v. Brown,* 1999 OK 79, 989 P.2d 448, 455. In a *de novo* review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact. *Kluver v. Weatherford Hospital Authority,* 1993 OK 85, 859 P.2d 1081, 1084.

## III. UNIFORM CONTRIBUTION AMONG TORTFEASORS ACT

■ ¶ 7 In 1978 the Oklahoma Legislature enacted the Oklahoma Uniform Contribution Among Tortfeasors Act, 12 O.S.1991, § 832 (the Act). The intent of the Act was to interject judicial control over the distribution of damages in tort claims in which there is more than one tortfeasor. 12 Uniform Laws Annot. 185, 187 (1955 revision, prefatory note) (1996). In Oklahoma, prior to the adoption of the Act, a joint tortfeasor could totally avoid payment to the plaintiff if the plaintiff elected not to sue that tortfeasor. *See, e.g., Laubach v. Morgan,* 1978 OK 5, 588 P.2d 1071. With the adoption of the Act, a plaintiff's loss is distributed among the joint tortfeasors in proportion to their respective negligence, whether or not plaintiff sued all the tortfeasors. *National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.,* 1989 OK 157, 784 P.2d 52; *Hawkins v. Gadoury,* 713 A.2d 799, 806 (R.I.1998); 12 Uniform Laws Annot. 194, 196 § 1 cmt. (d) (1955 revision) (1996).

■ ¶ 8 Subsection 832(A) of the Act creates the right of contribution among joint tortfeasors. It provides that when two or more persons become jointly liable in tort for the same injury to a person, there is a right of contribution among them. Subsection 832(B) identifies who is entitled to seek contribution. It provides that the right to contribution exists only in favor of a tortfeasor which has paid more than its pro rata share of the common liability and that the tortfeasor's total recovery is limited to the amount it paid in excess of its pro rata share. Subsection 832(D) identifies the circumstances under which a non-settling tortfeasor is not required to make contribution. Under § 832(D), a non-settling tortfeasor is not required to make contribution unless its liability to the plaintiff has been extinguished by the settlement between the plaintiff and the settling tortfeasor. Reading § 832(A), (B) and (D) together, a tortfeasor who settles with a plaintiff for the full amount of plaintiff's injuries, and who takes a release which releases plaintiff's claims against the alleged joint tortfeasors, is entitled to seek contribution from the released tortfeasors after actual payment of the money to the plaintiff.

■ ¶ 9 However, an alleged tortfeasor defending against a contribution claim is not without defenses. It may assert, among any other available defenses, that it was not a tortfeasor (*i.e.,* that it had no liability to plaintiff) or that the settlement with the plaintiff was not reasonable because the settling tortfeasor paid more than the plaintiff's claim was worth or because the settlement was not made in good faith. 18 Am.Jur.2d *Contribution* § 127 at 130 (2d ed.1985); *In re Guardianship of Babb,* 162 Ill.2d 153, 205 Ill.Dec. 78, 642 N.E.2d 1195 (1994); *Dubina v. Mesirow Realty Development, Inc.,* 308 Ill.App.3d 348, 241 Ill.Dec. 681, 719 N.E.2d

1084 (1999); *The Home Ins. Co. v. Advance Machine Co.*, 443 So.2d 165 (Fla.App.1983).

## IV. DISCUSSION

### A. The Hospital's Denials of Liability

¶ 10 The physician contends the hospital's consistent denials of liability bar the hospital from subsequently asserting its status as a tortfeasor for purposes of contribution under 12 O.S. § 832. The physician argues the following syllogism: one of the prerequisites to seeking contribution is that the party seeking contribution be a tortfeasor; the hospital is barred by the doctrines of waiver and estoppel from asserting its status as a tortfeasor after denying it for four years; therefore the hospital is not entitled to seek contribution.

¶ 11 The physician points to the following instances in which the hospital denied negligence: the hospital's answer to plaintiff's petition and its answer to plaintiff's amended petition; the hospital's allegations in its third-party petition and its amended third-party petition; the hospital's · equivocal response to the physician's request for admissions; and the hospital's express denial of liability in its settlement agreement with plaintiff.[2] The physician points out that it was only after four years of litigation and after the hospital settled with the plaintiff that the hospital finally admitted it was negligent.[3]

### B. Judicial Estoppel

¶ 12 First, the physician contends the doctrine of judicial estoppel bars the hospital's contribution claim. According to the physician, the doctrine of judicial estoppel prevents the hospital from asserting—for purposes of contribution—that it was negligent, since it previously asserted that it was not negligent.

¶ 13 Judicial estoppel is an equitable doctrine designed to bar a party who has knowingly and deliberately assumed a particular position from assuming an inconsistent position to the prejudice of the adverse party. *Messler v. Simmons Gun Specialties, Inc.*, 1984 OK 35, 687 P.2d 121, 128. The rule applies to inconsistent positions assumed in the course of the same judicial proceeding or in a subsequent proceeding involving identical parties and questions. *Id.* It applies to prevent advancement of inconsistent positions only vis-a-vis matters of fact. *Parker v. Elam*, 1992 OK 32, 829 P.2d 677, 680. It does not prevent a party from asserting a legal theory contrary to one advanced earlier in litigation. *Id.*

¶ 14 The circumstances under which judicial estoppel may appropriately be invoked are not reducible to any general formulation of principle. *Paschke v. Retool Ind.*, 445 Mich. 502, 519 N.W.2d 441, 450 (1994). Judicial estoppel must be applied with restraint and only in the narrowest of circumstances so as to avoid impinging on the truth-seeking function of the court. *Vowers and Sons, Inc. v. Strasheim*, 254 Neb. 506, 576 N.W.2d 817 (1998).

¶ 15 The physician complains about inconsistent positions taken by the hospital in its pleadings and outside its pleadings. With regard to the hospital's pleadings, the hospital denied liability to plaintiff in its answer to both plaintiff's petition and amended petition, and also in both its third-party petition and amended third-party petition against the physician seeking indemnity. Despite these denials of liability, the hospital asserted a contribution claim against the physician—a

---

**2.** The plaintiff and hospital executed their settlement agreement on October 22, 1997. The agreement provided, in pertinent part: "It is understood and agreed that this settlement is the compromise of disputed claims, and that the consideration offered in compromise and release is not to be construed as an admission of liability on the part of either party or parties hereby released, and the BHO and Integris Health specifically deny liability therefore and intend merely to avoid litigation and buy their peace."

**3.** On March 19, 1999, in its answers to the physician's subsequent request for admissions and interrogatories, the hospital admitted it was negligent in that its nursing staff should have advised the physician sooner about plaintiff's deteriorating respiratory condition and about the change in plaintiff's condition regarding lack of movement in his feet and legs.

claim that is necessarily premised on joint liability with the physician to the plaintiff.

¶ 16 We do not view the hospital's assertion in its pleadings of inconsistent facts (negligence and non-negligence) which support alternative theories of recovery (contribution and indemnity) as sufficient to invoke the doctrine of judicial estoppel. Judicial estoppel must not only be applied cautiously and with restraint, it must never be applied in a way that impairs the statutory right granted a party in 12 O.S.1991, § 2008(E)(2), to plead and rely on inconsistent facts, theories, claims and defenses.

¶ 17 The Oklahoma Pleading Codes provides, in pertinent part: "A party may set forth and at trial rely on two or more statements of a claim or defense alternately or hypothetically ... [and] may also state as many separate claims or defenses as [the party] has, regardless of consistency [.]" 12 O.S.1991, § 2008(E)(2). In allowing a party to plead inconsistent facts or theories, the Oklahoma Legislature recognized that inconsistency in pleadings does not necessarily mean dishonesty and that frequently a party must assert contradictory statements (*e.g.,* where the party legitimately is in doubt about the factual background of its case or the basis for its recovery or defense). *Howell v. James,* 1991 OK 47, 818 P.2d 444, 448. The Legislature recognized that the availability of alternative and hypothetical pleading allows flexibility in pleading and furthers the goal of allowing a full presentation of all relevant facts and legal theories at trial. 12 O.S.1991, § 2008 (Committee Comment). To apply judicial estoppel under the circumstances of this case would impair the statutory right granted a party in 12 O.S.1991, § 2008(E)(2), to plead and rely on inconsistent facts, theories, claims and defenses.

¶ 18 The physician also contends the hospital made certain statements outside its pleadings that warrant the application of judicial estoppel. The hospital expressly denied liability to plaintiff in the settlement agreement. The agreement provided, in pertinent part: "It is understood and agreed that this settlement is the compromise of

disputed claims, and that the consideration offered in compromise and release is not to be construed as an admission of liability on the part of either party or parties hereby released, and the BHO and Integris Health *specifically deny liability* therefore and intend merely to avoid litigation and buy their peace." (emphasis ours).

¶ 19 An indispensable element of judicial estoppel is that the party taking the inconsistent position must have been successful in maintaining its prior factual position. *Parker v. Elam,* 1992 OK 32, 829 P.2d 677, 681 n. 7. To establish this element, the party asserting the defense must prove that the other party received some clear benefit or unfair advantage from maintaining its prior factual assertion in the same proceeding or a previous one. *Bogan v. Hodgkins,* 166 F.3d 509 (2d Cir.), *cert. denied,* 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999); *Farmers High Line Canal and Reservoir Co. v. City of Golden,* 975 P.2d 189 (Colo.1999).

¶ 20 The record in this case reveals that the hospital did not successfully maintain its assertion of non-negligence in the earlier stage of the proceeding. Despite the hospital's denials of negligence, the hospital paid $3 million to plaintiff to settle the medical negligence claim. This substantial sum paid by the hospital renders specious any argument that the hospital successfully maintained its prior factual position (*i.e.,* no liability to plaintiff). Such an argument ignores the reality of the settlement agreement.

¶ 21 The absence of an essential element of any claim or defense is fatal to the claim or defense. *P.E.A.C.E. Corp. v. ONG,* 1977 OK 151, 568 P.2d 1273, 1277. The undisputed facts demonstrate that the plaintiff was not successful in maintaining its prior factual position. Accordingly, we hold that judicial estoppel does not bar the hospital's contribution claim.

## C. Waiver

¶ 22 The physician also contends the equitable doctrine of waiver bars the hospital's contribution claim.[4] Waiver is the

---

4. As a preliminary matter the physician argues

the Court of Civil Appeals, by its silence, impli-

voluntary and intentional relinquishment of a known right. *Faulkenberry v. Kansas City Southern Ry. Co.*, 1979 OK 142, 602 P.2d 203, 206–07. The doctrine is essentially a matter of intention, focusing on the intent of the party against whom waiver is asserted. *State ex rel. Gaines v. Beaver*, 1945 OK 318, 166 P.2d 776; *Archer v. Wedderien*, 1968 OK 186, 446 P.2d 43.

▮▮▮▮ ¶ 23 Waiver can be accomplished either expressly or implicitly. *Crowell v. Thoreau Center, Partnership*, 1981 OK 84, 631 P.2d 751, 752. An implied waiver can be established by action or conduct which warrants an inference of intent to relinquish. *Id.* However, to make out a case of implied waiver of a legal right, there must be a clear, unequivocal and decisive manifestation of the party's relinquishment of the right. *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 425 (Ala.1997); *In re Property Seized from Bobby Gene Sykes*, 497 N.W.2d 829, 833 (Iowa 1993); *Wenneker v. Physicians Multispecialty Group, Inc.*, 814 S.W.2d 294, 297 n. 6 (Mo.1991) (en banc).

¶ 24 In this case, since there is no indication in the record that the hospital expressly waived its right to seek contribution, the physician attempts to establish an implied waiver. He contends the hospital implicitly waived it right to seek contribution when it denied its own negligence in its pleadings, when it gave an equivocal response to a discovery request and when it expressly denied liability in its settlement agreement with plaintiff.

¶ 25 These acts, standing alone, do not rise to the level of a clear, unequivocal and decisive manifestation of the hospital's intent to relinquish its right to seek contribution from the physician. Moreover, when these acts are viewed along with undisputed evidence that the hospital consistently sought contribution from the physician, the hospital's conduct falls far short of an implied waiver.[5]

▮▮▮▮ ¶ 26 When the evidence concerning waiver is conflicting or disputed, or when more than one reasonable inference may be drawn from the evidence, the existence of waiver is a question of fact for the jury. *Kincaid and Associates v. Black Angus Motel, Inc.*, 1999 OK 54, 983 P.2d 1016, 1021. However, when the facts are not disputed and are subject to only one interpretation, the question of waiver becomes one of law to be decided by the court. *General Finance Corp. v. Jackson*, 1956 OK 129, 296 P.2d 141, 143. While the facts presented in the physician's motion for summary judgment do not amount to a waiver, the physician may on remand replead and rely on other facts, if any exist, material to the issue of waiver. *See Seymour v. Swart*, 1985 OK 9, 695 P.2d 509.

### D. Election of Remedies and Principles of Oklahoma Discovery Code

▮▮▮▮ ¶ 27 Finally, the physician contends the hospital's contribution claim should be barred under the doctrine of election of remedies and as a sanction for violating the principles of the Oklahoma Discovery Code. We decline to address these arguments since they were not raised in the trial court. *See Sims v. Bennett*, 1953 OK 114, 255 P.2d 916.

### V. CONCLUSION

¶ 28 The undisputed facts demonstrate that neither the doctrine of waiver nor the doctrine of estoppel bar the hospital's claim for contribution from the physician. Accordingly, we vacate the Court of Civil Appeal's opinion, reverse the trial court's entry of summary judgment on plaintiff's contribution

---

edly affirmed the trial court's ruling that the hospital waived its right to seek contribution. It is true the trial court ruled that the hospital's contribution claim was barred not only by the doctrine of estoppel but also by the doctrine of waiver. It is also true that the Court of Civil Appeals did not address the waiver doctrine in its opinion. Nevertheless, we do not agree with the physician's assertion that the Court of Civil Appeals, by its silence, impliedly affirmed the trial court's ruling on waiver. The Court of Civil Appeals remanded the contribution claim to the trial court for further proceedings. The remand implicitly reversed the trial court's ruling that the physician was entitled to summary judgment on the affirmative defense of waiver.

**5.** Rather than waiving its right to seek contribution, the hospital has been actively seeking contribution from the physician since August of 1997, when it filed its third-party petition.

claim and remand the matter for further proceedings consistent with this opinion.

**COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED; CAUSE REMANDED.**

¶ 29 HARGRAVE, C.J., HODGES, OPALA, KAUGER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur; WATT, V.C.J., LAVENDER, J., concur in result.