PRICE v. ZHANG
2022 OK 95
Case Number: 119053
Decided: 11/22/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 95, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

CHARLIE C. PRICE, Individually, and as Next of Kin of MARILYN L. PRICE, Deceased, Appellant/Plaintiff,
v.
WEI ZHANG, M.D., FREDERICK A. DORROH, M.D., ARDMORE SURGICAL ASSOCIATES, INC., MERCY CLINIC OKLAHOMA COMMUNITIES, INC., MERCY HOSPITAL-ARDMORE, INC., and John Doe/One or More, Appellees/Defendants.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION I

Honorable Thomas K. Baldwin, Trial Judge

¶0 Four years after the appellant/plaintiff, Charlie Price (Price) filed a medical negligence/wrongful death action because his wife died from a stroke following surgery, the trial court dismissed the case for failure to prosecute. Price filed a motion for new trial arguing that he was denied due process because he was not given adequate notice of the hearing which resulted in the trial court's dismissal of his lawsuit. The trial court denied the motion for new trial, and the Court of Civil Appeals affirmed the trial court. We hold that because the plaintiff was not afforded adequate notice of the hearing in which the trial court dismissed the cause, due process requires that the dismissal be vacated.

CERTIORARI PREVIOUSLY GRANTED; 
COURT OF CIVIL APPEALS OPINION VACATED;
TRIAL COURT ORDER VACATED AND CAUSE REMANDED. 

J. Wes Billingsley, Ada, Oklahoma, for Appellant/Plaintiff.

Michael J. Heron, Chris L. Fox, Edmond, Oklahoma, for Appellees/Defendants, Wei Zhang, and Mercy Hospital Ardmore, Inc.

R. Gene Stanley, Stephen M. Rasbold, Oklahoma City, Oklahoma, for Appellees/Defendants, Frederick A. Dorroh, and Mercy Clinic Oklahoma Communities, Inc.

KAUGER, J.:

¶1 We granted certiorari to address the balance between a trial court's attempt to dispose of a stagnant case and a litigant's right to due process.

FACTS

¶2 At the outset we note that the trial court docket in this cause contains few entries, and few items are included in the record on appeal. Nevertheless, we can discern that Marilyn Price died from a massive stroke in April of 2014, nearly three weeks after a surgery to repair a small-bowel obstruction. Her husband, the appellant/plaintiff, Charlie Price (Price) filed a lawsuit on April 1, 2016, in the District Court of Carter Count, alleging that her death was the result of medical negligence/wrongful death. He sued the appellees/defendants, doctors Wei Zhang, and Frederick Dorroh, Ardmore Surgical Associates, Mercy Clinic, Mercy Hospital Ardmore, and anyone else involved in her care (collectively, doctors).

¶3 On February 27, 2019, the doctors filed a joint motion to dismiss for failure to prosecute. They argued that the plaintiff had been deposed over a year before, on February 20, 2018, which was the last activity in the case. Price filed a Response to the Motion to Dismiss on March 15, 2019. His attorney informed the trial court that during the pendency of the action, the plaintiff had suffered several substantial medical issues which had impacted his ability to participate in the litigation. Also on March 15, 2019, Price stated that he was ready and requested that the matter be set on the jury trial docket.

¶4 On May 14, 2019, the trial court filed a "NOTICE" which set the matter for "Annual Disposition Docket on 6-2-19 at 10:00." The notice indicates that it was mailed to the plaintiff's attorney. The cause was apparently not dismissed, because the next docket entries consisted of an entry of appearance filed on June 21, 2019, and a scheduling order filed on June 24, 2019, which set a pretrial conference for October 7, 2019, at 1:30 p.m. with notation that the trial date would be set on the November docket.

¶5 On October 7, 2019, both parties jointly filed a motion to extend the discovery deadline and reset the trial date. The reason? Plaintiff's counsel underwent a total hip replacement in June of 2019, and he had unforeseen complications with the procedure which inhibited his ability to work for several weeks.

¶6 The joint motion filed on October 7, 2019, was the last docket entry until nine months later, on July 22, 2020, when the trial court filed an order of dismissal without prejudice. It states that the pretrial conference was scheduled for July 13, 2020, at 1:30 p.m., but that the plaintiff's counsel did not appear. Instead, another attorney attended the pretrial conference on behalf of plaintiff's counsel, but the court limited the substitute counsel's participation in the proceeding.

¶7 The trial court dismissed the lawsuit without prejudice because there was "no evidence that plaintiff's counsel has prosecuted the case in an effort to move the case forward since the parties appeared before the Court in October 2019." On August 5, 2020, the plaintiff filed a Motion for New Trial. In it, plaintiff's counsel explains that:

1. After the lawsuit was initially filed, discovery was on-going at the request of the defendants;

2. On March 15, 2019, the plaintiff notified the Court he was ready to proceed and set a trial date, but the trial court never held a hearing on the motion;

3. Plaintiff was provided notice of the Annual Disposition Docket hearing on June 21, 2019, and the plaintiff appeared through a substitute counsel due to the plaintiff's lawyer having undergone hip replacement surgery four days prior to the hearing;

4. The parties jointly filed a motion to extend discovery;

5. The plaintiff's counsel appeared on October 7, 2019, for a pretrial conference, but no amended scheduling order, additional pleadings, or court minutes were filed following the October 7, 2019, pretrial conference;

6. On March 16, 2020, the Oklahoma Supreme Court issued an order in response to the COVID outbreak which ordered district courts to suspend jury trials and reschedule other hearings, etc., for thirty days.

7. On March 27, 2020, the Oklahoma Supreme Court entered another order extending the suspension until May 15, 2020;

8. On April 29, 2020, the Oklahoma Supreme Court entered a third order again amending scheduling until after July 31, 2020, with a few exceptions;

9. On July 10, 2020, the plaintiff's counsel received an email from defendant's counsel that stated that he had been advised by the trial court's bailiff that the cause was set for pretrial conference on July 13, 2020, at 1:30 p.m.; and

10. Even though the plaintiff's counsel was unsure as to whether there was actually a pretrial conference hearing set, he sent a substitute counsel who was fully prepared to proceed to the July 13, 2020, pretrial conference. He sent the substitute because he was unable to attend because he had a scheduling conflict involving his appearance at a final hearing in a cause in Pontotoc County, and he was unable to change it.

Price submitted supporting emails from opposing counsel, and an affidavit with his Motion for New Trial. He argued that the sanction of a default judgment was improper and unwarranted because of the above listed circumstances. On August 13, 2020, the trial court filed an order denying Price's request for a new trial.

¶8 Price filed an appeal on September 14, 2020. The Court of Civil Appeals, in an unpublished opinion, affirmed the trial court's dismissal of the cause without prejudice for counsel's failure to appear at a pretrial conference hearing. We granted certiorari on October 10, 2022, and it was assigned to my chambers the next day.

BECAUSE THE PLAINTIFF WAS NOT AFFORDED ADEQUATE
NOTICE OF THE HEARING IN WHICH THE TRIAL COURT
DISMISSED THE CAUSE, DUE PROCESS REQUIRES THAT THE 
DISMISSAL BE VACATED.

¶9 The doctors argue that the trial court did not err in its dismissal because the cause was filed in 2016 and Price issued no written discovery, took no depositions, and had two attorneys who were not entered in the case to appear on two separate occasions for court mandated conferences. Price argues that dismissal without providing sufficient and proper notice that the case was set for pretrial conference and dismissed denied him due process. We agree.

¶10 Three of our previous cases, applied collectively, govern this cause: Flandermeyer v. Bonner, 2006 OK 87152 P.3d 195Brooks v. Baltz, 2000 OK 7312 P.3d 467Heiman v. Atlantic Richfield Co., 1991 OK 22807 P.2d 257Flandermeyer, supra, the trial court held divorce proceedings in a piecemeal fashion over the period of a year. The husband complained that he was being denied the right to a speedy and certain remedy.

¶11 We recognized that due process is implicated in a divorce proceeding, and that before any deprivation of it can occur, the fundamental requirement of due process of the opportunity to be heard in a meaningful time and in a meaningful manner must be satisfied. We also recognized a trial court's need to effectively and reliably manage their docket. We said:

We realize that balanced against the obligation of the trial court to afford the parties a speedy and certain remedy is its need to control the docket and to facilitate the orderly flow of business. A trial court has the power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. However, a trial court is charged with the duty to schedule cases in such a manner as to expeditiously dispose of them. Implicit with this duty, is the necessity to hold trials in a nonserial manner. We would caution all trial courts that serialization of divorce proceedings should be avoided if at all possible. If necessary, presiding judges should review docket management procedures and assign judges from different divisions in order to achieve the orderly administration of justice. Although the trial court judge, in the exercise of sound discretion controls the disposition of the cause on its docket, this discretion is not unfettered ------ and we will not hesitate to provide remediation whenever docket management offends fundamental fairness, due process, and the right to a speedy and certain remedy.

¶12 Unfortunately for the husband in Flandermeyer, supra, most of the delays he suffered were attributable to him, and his conduct at the hearings. Consequently, we held that, under the particular facts of the cause, due process was not violated. Flandermeyer, supra, insofar as it relates to this cause teaches that a delicate balance is required between a trial court's expeditious control and disposition of its docket and meeting minimum due process requirements of its litigants.

¶13 Brooks, supra, concerned a father who was incarcerated for contempt based on his failure to pay in accordance with a child support order. The father challenged the order requiring support payments, alleging that he did not receive notice of the hearing on that order, and that the order erroneously determined that he had previously been adjudicated the father of the child involved. Nothing on the trial court docket reflected that notice of the hearings for child support were mailed or personally delivered to the father, or anyone else for that matter.

¶14 The Court noted that fundamental fairness must be afforded within a framework of orderly procedure and that fairness includes giving notice of certain judicial events which alter legally cognizable rights. We held that failure to give notice of a hearing for the adjudication of rights falls short of the minimum standards of due process. It is a jurisdictional error, unless the requirement is waived by the party affected. Notice is mandatory and failure to give record notice of the hearing was a jurisdictional defect. Brooks, supra, insofar as it related to this cause teaches that the fundamental standards of due process requires full and adequate notice to be given for hearings which could alter legally cognizable rights. Failure to give such notice, unless waived, results in a void order.

¶15 Finally, in Heiman, supra, the trial court, like the trial court here, dismissed a cause for failure to prosecute. However, the dismissal was void because neither parties had actual notice of the setting of the hearing. The only notice given was a publication notice of disposition which was authorized by statute. The Court held that when the hearing taking place is marking a dispositive event which terminates the litigation, due process requires actual notice either by personal service or mail. The teachings of Heiman, supra, insofar as they related to this cause are that due process requires personal notice of a hearing, either through personal service or mail, which may culminate in the dismissal of the litigation.

¶16 In sum, the cumulative teachings of Flandemeyer, supra, Brooks, supra, and Heiman, supra, are that a critical stage of litigation occurs when a trial court, when managing a cause, sets a hearing which could result in a ruling dispositive of an action. This critical stage of litigation constitutionally requires personal notice. While a trial court may control its docket, it may not be done at the expense of a litigant's due process rights.

¶17 In Cate v. Archon Oil Co. Inc., 1985 OK 15695 P.2d 1352

¶10 Notice is a jurisdictional requirement as well as a fundamental element of due process. Due process requires adequate notice, a realistic opportunity to appear at a hearing or judicial sale, and the right to participate in a meaningful manner before one's rights are irretrievably altered. The right to be heard is of little value unless adequate notice is given. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action, and lack of notice constitutes a jurisdictional infirmity. (Footnotes omitted.)

¶18 Under these facts, there is no indication from the trial court docket, or otherwise, that the pretrial conference was scheduled. The plaintiff's attorney only learned about the hearing from a message from opposing counsel three days before it was held because counsel had "heard" from the trial court's bailiff that it had been scheduled. While waiver of notice is possible in some circumstances, we cannot say that the plaintiff waived a full and fair notice of a hearing which resulted in the termination of his lawsuit.

¶19 Ordinarily, waiver is the voluntary and intentional relinquishment of a known right.

CONCLUSION

¶20 The trial court, in the exercise of sound discretion controls the disposition of causes on its docket. Nevertheless, under these particular facts, after scrutinizing the docket scheduling, it is clear that the plaintiff was not given adequate notice of a hearing which resulted in the termination of his lawsuit. Because the plaintiff was not afforded adequate notice of the hearing in which the trial court dismissed the cause, due process requires that the dismissal be vacated and the matter remanded to the trial court.

CERTIORARI PREVIOUSLY GRANTED; 
COURT OF CIVIL APPEALS OPINION VACATED;
TRIAL COURT ORDER VACATED AND CAUSE REMANDED. 

KANE, V.C.J., KAUGER, EDMONDSON, GURICH, ROWE, JJ., concur.

DARBY, C.J., WINCHESTER, COMBS, KUEHN, JJ., dissent.

FOOTNOTES

. . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. . . .

The Okla. Const. art. 2 § 7 provides:

No person shall be deprived of life, liberty, or property, without due process of law.

The Okla. Const. art. 2, §6 provides:

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

Flandermeyer v. Bonner, 2006 OK 87152 P.3d 195Nelson v. Nelson, 1998 OK 10954 P.2d 1219

Barringer v. Baptist Healthcare of Oklahoma, 2001 OK 2922 P.3d 695Faulkenberry v. Kansas City Southern Ry. Co., 1979 OK 142602 P.2d 203

Barringer v. Baptist Healthcare of Oklahoma, see note 3, supra; Archer v. Wedderien, 1968 OK 186446 P.2d 43State ex rel. Gaines v. Beaver, 1945 OK 318166 P.2d 776

Barringer v. Baptist Healthcare of Oklahoma, see note 3, supra; Crowell v. Thoreau Center, Partnership, 1981 OK 84631 P.2d 751

Flandermeyer v. Bonner, see note 2, supra at ¶15; Hambright v. City of Cleveland, 1960 OK 184360 P.2d 493